

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

_Northen_ District of _Illinois_

_Eastern_ Division

**RECEIVED**

DEC 18 2019 JG

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

Lynwellyn H. Gudger

_Plaintiff(s)_
_(Write the full name of each plaintiff who is filing this complaint._
_If the names of all the plaintiffs cannot fit in the space above,_
_please write "see attached" in the space and attach an additional_
_page with the full list of names.)_
-v-

The State of Illinois, et al
see attached

_Defendant(s)_
_(Write the full name of each defendant who is being sued. If the_
_names of all the defendants cannot fit in the space above, please_
_write "see attached" in the space and attach an additional page_
_with the full list of names.)_

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**1:19-cv-08286**
**Judge Virginia M. Kendall**
**Magistrate Judge Jeffrey Cummings**

Jury Trial: _(check one)_ ☐ Yes ☒ No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Lynwellyn H. Gudger

Street Address: 13904 South State Street

City and County: Riverdale, Cook County

State and Zip Code: Illinois, 60827

Telephone Number: 708.250.6952

E-mail Address: lynwellyn.gudger@gmail.com

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Defendant No. 1

    Name                            _____

    Job or Title *(if known)* _____

    Street Address                 _____

    City and County            _____

    State and Zip Code       _____

    Telephone Number        _____

    E-mail Address *(if known)* _____

Defendant No. 2

    Name                            _____

    Job or Title *(if known)* _____

    Street Address                  _____

    City and County            _____

    State and Zip Code       _____

    Telephone Number        _____

    E-mail Address *(if known)* _____

Defendant No. 3

    Name                            _____

    Job or Title *(if known)* _____

    Street Address                  _____

    City and County            _____

    State and Zip Code       _____

    Telephone Number        _____

    E-mail Address *(if known)* _____

Defendant No. 4

    Name                            _____

    Job or Title *(if known)* _____

    Street Address                  _____

    City and County            _____

    State and Zip Code       _____

    Telephone Number        _____

    E-mail Address *(if known)* _____

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

First, Second, Fourth, Fifth, Seventh, Eighth and Fourteenth Amendment to the Constitution; 18 U.S. Code 51 § 1113, 18 U.S. Code § 1117, 18 U.S. Code 109 A § 2241 A + 2242, 18 U.S. Code 73 § 1506, 18 U.S. Code § 241, 18 U.S. Code 242

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

a.     If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____ .

b.     If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

         b.     If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attached Pages.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attached Pages.

## V.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____
Printed Name of Plaintiff _Lynwellyn H. Gudger_

### B.  For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

Lynwellyn Heather Gudger
Vs.
**The State of Illinois**
Peoria County Tenth District,
Retired Judge Albert Purham
Retired Judge Mark E. Gilles,
Cook County First District Court,
Judge Christopher Edward Lawler,
Judge Brendan A. O'Brien,
Judge Kathy M. Flannagan,
Judge James P. Flannery,
Judge Clare E. McWilliams,
Cook County Sixth District Court, Judge Susana L. Ortiz
Judge Lisette Catherine Mojica and
Cook Clerk Sharon McClain;
**The Illinois State Police,**
Jason Fahs (4852),
Samantha Kromm (6473),
J. Morscheiser (5636)
**Riverdale Police Department,**
Chief DeMik and Detective Serski,
**MetroSouth Medical Center,** John Baird,
Dr. Benjamin Garcia,
**Unity Point Methodist,**
Dr. Narayana Reddy,
Tamara Schaffer,
Dr. Kyla Nighhohosian,
And Kerry Donnelly;
**Perry Memorial Hospital,**
Dr. Leonard Kaczorowski,
Lindsey Hollingworth,
Michelle Glancey,
Courtney Hartmann;
Jovan J. Gudger
Defendant(s)

### Statement of Jurisdiction

Now comes the Plaintiff, Lynwellyn H. Gudger, and complains of Defendants, the State of Illinois and accomplices for the false imprisonment, kidnapping, attempted murder, and fraud violations to the U.S. Constitution's First, Second, Fourth, Fifth, Seventh, Eight and Fourteenth Amendments. The State of Illinois due to a potential criminal prosecution of the Plaintiff allowed the harassment, intimidation, sexual battery and attempt murder of the Plaintiff. Once the State was unable to obtain the criminal prosecution engaged in the violence and abuse by kidnapping the Plaintiff and stealing evidence in this case.

1. Jovan J. Gudger and the Plaintiff are relatives and share a residence.    Susana L. Ortiz is a judge for Illinois Circuit Court District Six Markham County Courthouse.

2. Lisette Catherine Mojica is an associate judge for Illinois Circuit Court District Six Markham County Courthouse.

3. Sharon McClain is a Court Clerk for Illinois Circuit Court District Six Markham County Courthouse.

4. Stephanie Buck is an Assistant Attorney for the Illinois State's Attorney Office Criminal Prosecutions Bureau.

5. Susana L. Ortiz is a Judge for the Illinois Circuit Court District Six Markham County Courthouse.

6. Kimberly Fox is the Illinois Cook County State's Attorney.

7.    Jodi M. Hoos is the Illinois Peoria County State's Attorney.

8. David C. Barker is an Illinois Peoria County Assistant State's Attorney.

9. The emergency room services closet to the Plaintiff's residence is located in Ingalls Hospital.

10. On November 13, 2013, the defendant, Jovan J. Gudger sought an Order of Protection against the Plaintiff.

11. The Plaintiff was diagnosed with pregnancy on May 11, 2019 at South Suburban Hospital in Hazel Crest, IL. 10. Sometime before August of 2018, the Defendant, Jovan J. Gudger, assisted the State's Attorney's Office on criminal sexual abuse case #2016CR11653.

12. The Plaintiff received a rape examination on May 11, 2019 at South Suburban Hospital in Hazel Crest, IL.

13. The Plaintiff received a rape examination on June 3, 2019 at Palos Heights Hospital in Palos Heights, IL.

14. The Plaintiff received a rape examination on August 7, 2019 at Unity Point Methodist in Peoria, IL.

15. The Plaintiff received a rape examination on October 17, 2019 at Ingalls Hospital in Harvey, IL.

16. On October 1, 2019, the Plaintiff sought an Order of Protection against the Defendant, Jovan J. Gudger, for Aggravated Battery with weapon and sexual battery. November 1, 2019, the Plaintiff was granted without examination of the evidence an Order of Protection against Jovan J. Gudger, case #2019OP61164.

17. On May 13, 2019 at approximately 11:00AM, the Plaintiff is currently in litigation with the State of Illinois in the Illinois' Circuit Court First Municipal Court, case# 2019L005125.

18. On June 30, 2019, the Judgeships of Albert Purham and Mark Gilles ended.

19. On August 8 and 13, 2019, State's Attorney, David C. Barker, represented the State of Illinois against the Plaintiff in an involuntary admission for psychiatric reasons, case #2019MH00162.

## COMPLAINT 1

On July 24 and 30, 2013, the Defendant, Jovan J. Gudger, slandered the Plaintiff on the popular social media site, Twitter, stating the Plaintiff was a pedophile that has sexually assaulted/battered the Plaintiff's oldest Child. (Exhibit 16-20: Twitter Screenshots)

## COMPLAINT 2

On August 8, 2013 at approximately 8:00 A.M., the Defendant, Jovan J. Gudger, placed excrement on the front steps of the Plaintiff's home, which is ironically also the Defendant's.

## COMPLAINT 3

On November 14, 2013 at approximately 12:00 P.M., the Defendant, Jovan J. Gudger, battered the Plaintiff. The Defendant bust through the Plaintiff door and stated, "do you have a problem with me;" then Defendant grabbed the Plaintiff 's shirt pulled the Plaintiff to the ground and kicked the Plaintiff in the head and chest. (Exhibits 1-4: Digital Images taken November 14, 2013)

## COMPLAINT 4

On November 14, 2013 at approximately 1:20 P.M., the Plaintiff drove to Riverdale Police Department to report being battered by the Defendant, Jovan J. Gudger, but an Officer Matthew refused to allow a report on the incidence.

## COMPLAINT 5

On December 25, 2013 at approximately 11:00 A.M., the Defendant, Jovan J. Gudger, forcibly removed from the Plaintiff's residence by making a false report of being "punched in the face" by the Plaintiff. The Riverdale Police forced the Plaintiff to leave, even though, the Defendant's Order of Protection had not been granted and the Plaintiff is a leasee at the residence.

## COMPLAINT 6

On December 26, 2013 at approximately 12:00 P.M., the Plaintiff returned to her residence and discovered that the lock to her bedroom door had been broken open and multiple items were removed from her bedroom. It is the Plaintiff's belief that the Riverdale Police Department broke into the residence.

## COMPLAINT 7

In July of 2015, the Defendant, Jovan J. Gudger, assaulted the Plaintiff with portable car charger stating, "I'm going to bash your fucking head in with this."   The Defendant, Jovan J. Gudger, then grabbed the Plaintiff's cell phone ran into her bedroom and threw the cell phone up against a wall breaking the it. The Riverdale Police Department was called.

## COMPLAINT 8

On May 13, 2016, the Defendant, Jovan J. Gudger, slandered the Plaintiff by making a false police report against the Plaintiff. The Defendant stated, once again, she had been punched in the face by the Plaintiff when the Plaintiff and Defendant had not had any contact that day. The Plaintiff was preparing for work at the time of the call. (Exhibit 23: Police Report #16-05681 in lieu Discovery)

## COMPLAINT 9

On March 27, 2018 at approximately 4:00 P.M., the Defendant, Jovan J. Gudger, assaulted the Plaintiff with a hammer and knife. The Defendant verbally threatened to kill the Plaintiff. (Exhibit 6: Recording taken March 27, 2018.)

## COMPLAINT 10

In April 1, 2018 at approximately 7:00 P.M., the Defendant, Jovan J. Gudger, assaulted the Plaintiff with a hammer and knife. The Defendant verbally threatened to kill the Plaintiff. (Exhibit 7: Recording taken April 1, 2018)

## COMPLAINT 11

On April 8, 2018 at approximately 1:00P.M., the Defendant, Jovan J. Gudger, assaulted the Plaintiff with a baseball bat.   Once again threatening to "bash" the Plaintiff's head in. The Riverdale Police Department was called. No arrests were made. (Exhibit 8: Police Report in lieu of Discovery)

## COMPLAINT 12

On April 25, 2018 at approximately 1:00 P.M., as the Plaintiff is walking up the stairs of her residence from her bedroom,   the Defendant, Jovan J. Gudger, comes out of her bedroom and swings a knife multiple times at the Plaintiff, who then retreats downstairs to her bedroom. Approximately 10 minutes later, the Riverdale Police Department enters the Plaintiff's residence with semiautomatic weapons pointing them at the other persons in the residence and cuffing them to the floor. Everyone was brought to the living room and cuffed to the floor except, Jovan J. Gudger and Julie Gudger. When the residents were releases by Riverdale Police Officers, Jeff Sallett, the region six Federal Bureau of Investigations Director was outside the Plaintiff's residence in a Riverdale Lieutenants' Uniform standing next to Riverdale Police Chief David DeMik.

### COMPLAINT 13

On September 29, 2018 at approximately 11:50 A.M., the Defendant, Jovan J. Gudger, enters the room with a baseball bat and strikes the Plaintiff in the head, arm and leg multiple times. When the Plaintiff is then down on the floor from the injuries inflicted by the Defendant, Jovan J. Gudger, the Defendant then stomps the Plaintiff in the face. The Defendant then straddles the Plaintiff and is not wearing any underwear. The Defendant begins to rub her genitals on the Plaintiff's torso, while the Defendant made soft sounds with her mouth open. The Plaintiff begins screaming "Jovan get off me, You're going crazy." The Plaintiff called the Riverdale Police Department but no arrest was made. (Exhibit 9: Police Report in lieu of Discovery)

### COMPLAINT 14

On September 29, 2018 at approximately 12:05 P.M., The Bud's ambulance company transported the Plaintiff to MetroSouth Medical Center. The Plaintiff called emergency services arrive at approximately 12:45 PM. The Plaintiff reaches MetroSouth Hospital at approximately 3:14 PM.

### COMPLAINT 15

On September 29, 2018 at approximately 3:14 P.M., directly after the Defendant, Jovan J. Gudger, battered the Plaintiff in the head with a baseball bat striking the Plaintiff at least nine times, the Plaintiff was taken to MetroSouth Medical Center, MSMC initiated the process for organ removal; although, no brain nor cardiac death diagnostics were performed. The Defendant, MSMC, did not mediate the Plaintiff 's pain; instead, an Asian, male nurse placed a warm blanket on the Plaintiff' s body. (Exhibit 10-11: Discharge Instructions and MSMC medical bill)

### COMPLAINT 16

On September 29, 2018, the Plaintiff received multiple diagnostic tests and treatments related to organ retrieval and blood transfusion performed at MSMC. The Plaintiff was given over 9000 mg of sodium chloride salt from a 1000 ml, over 30,000 mg of iodine salts and an unspecified dosage of magnesium salt. (Exhibit 11: MSMC medical bill)

### COMPLAINT 17

On September 29, 2018 at approximately 3:17 PM, MSMC violated the Plaintiff's privacy when Dr. Benjamin Garcia ordered a blood alcohol test on the Plaintiff's blood without the Plaintiff's knowledge or permission. (Exhibit 10: Discharge Summary, Exhibit 11: MSMC medical bill)

### COMPLAINT 18

On September 29, 2018 at approximately 6:11 PM, the Plaintiff phones from MSMC the Riverdale Police Department at this time the Plaintiff speaks with Riverdale Police Chief David DeMik. In this conversation, the Plaintiff requests that the Defendant, Jovan J. Gudger.

### COMPLAINT 19

On October 1, 2018 at approximately 9:00 A.M., The Plaintiff was seated in the gallery of court room 104 when Sharon McClain (court clerk) called the Plaintiff to the clerk's stand. Ms. McClain asked if the Plaintiff would like to add a vehicle to her pleading. Ms. McClain then wrote in the vehicle on the Pleading. Then the Plaintiff witnessed Sharon McClain scribble over the Plaintiff's request to have the Defendant, Jovan J. Gudger, removed from her residence. (Exhibit 31: Petition for an Emergency Order of Protection, Exhibit 32: Petition for a Plenary Order of Protection)

### COMPLAINT 20

On October 1, 2018 at approximately. 9:00 A.M., the Defendant, Judge Susana Ortiz, requested the

Plaintiff discuss the potential living arrangements of the Defendant, Jovan J. Gudger. After the hearing, the Plaintiff was given the emergency and plenary petitions for protection and disposition order. Upon reading the petition, the Plaintiff discovered that Defendant, Susana Ortiz, had scratched over the Plaintiff's request for the Defendant, Jovan J. Gudger, to be removed from the Plaintiff's residence. The petition for an Emergency Order for Protection was granted. (Exhibit 31: Petition for an Emergency Order for Protection, Exhibit 32: Petition for a Plenary Order of Protection)

### COMPLAINT 21

On October 3, 2018 at approximately 1:00 P.M., the Plaintiff attempted to serve, personally, a subpoena for medical records in a pleading for an Order of Protection and to initiate a police investigation; the Hospital staff refused to accept the subpoena. On October 5, 2018 at approximately 4:50PM, the Plaintiff mailed the subpoena to MSMC. MSMC did not respond to the subpoena and therefore obstructed justice. (Exhibit 29: Medical Records Request, Exhibit 30: Recording made October 3, 2018)

### COMPLAINT 22

On October 3, 2018 at approximately 11:30 A.M., The Plaintiff returned to Markham County Courthouse to obtain subpoenas in the OP# 2018OP61164. Once the subpoenas were filled out, then Plaintiff asked if the subpoenas needed to be filed with the clerk. The clerk, a white female with a medium build and light brown hair standing at the Family Law Counter stated "no, you just need to fill them out and send them." (Exhibit 33: Subpoena 1., Exhibit 34: Recording made October 5, 2018 and Exhibit 35: Subpoena 4)

### COMPLAINT 23

On October 5 2018 at approximately 3:00 P.M., the Plaintiff served physically to a Riverdale Police Department office worker, African - American Female, a subpoena requesting police reports in the OP# 2018OP61164. The Plaintiff returned to the Riverdale Police Department to retrieve the documents multiple times but the documents were not prepared. (Exhibit 33: Subpoena 1.)

### COMPLAINT 24

On October 5, 2018 at approximately 5:00 P.M., the Plaintiff mailed out subpoenas to MSMC, The Illinois State's Attorney Office, and Danbury Mint. The Plaintiff received no response from the Illinois State's Attorney Office. (Exhibit 36: Recording October 5, 2018)

### COMPLAINT 25

On October 22, 2018, the Plaintiff received a bill from Specialists in Medical Imaging confirming that IVCP paid an additional $2,195 for four CT scans. On March 14, 2019, the Plaintiff received a bill from the collections company, CMRE Financial Services for the four ST scans $2,195. On March 27, 2019, the Plaintiff received a third bill for $270 for a hand X-Ray and 24-hour medical service. The Plaintiff was billed twice for all imaging services (Ct scans, X-Ray) totaling $17, 731.38. (Exhibit 11: MSMC medical bill, Exhibit 24: Specialists in Medical Imaging bill, Exhibit 25: Specialists in Medical Imaging bill (1), Exhibit 26: CMRE Financial Services bill)

### COMPLAINT 26

On November 1, 2018 at approximately 1:00 P.M., Defendant, Associate Judge Lisette Catherine Mojica, furnished the Plaintiff with a forgery. Without hearing any evidence, Judge Mojica provided the Plaintiff with a document that she called a "Default Order of Protection." The Plaintiff was unaware that this document was invalid and attempted to use the authority of said document multiple times: on November 27, 2018, December 30, 2018 and February 20, 2018. (Exhibit 26: Petition # 2018OP61164 for Order of Protection, Exhibit 12,13, and 15: Police Report in lieu of Discovery)

### COMPLAINT 27

On November 27, 2018 at approximately 2:00 P.M., the Defendant, Jovan J. Gudger, assaulted the Plaintiff with a knife. With knife in hand, the Defendant stated, "I'll kill you." The Riverdale Police Department was called no arrest was made. (Exhibit 12: Police Report in lieu of Discovery)

### COMPLAINT 28

On December 30, 2018 at approximately, the Defendant, Jovan J. Gudger, stole the Plaintiff's car and home keys. The Riverdale Police Department was called no arrest was made. (Exhibit 13: Police Report in lieu of Discovery)

### COMPLAINT 29

On February 1, 2019 at approximately 8:58 A.M., the Plaintiff was driving when she could hear a high pitched noise. The Plaintiff was exposed to the tone about 17 minutes. After, the Plaintiff experienced pain in the left side of her head and an upset stomach. (Exhibit 14: Recording made February 1, 2019.)

### COMPLAINT 30

On February 20, 2019 at approximately 8:30P.M., the Defendant, Jovan J. Gudger, assaulted the Plaintiff with a baseball bat. The Riverdale Police Department was called no arrest was made, even on the authority of the Order of Protection granted on November 1, 2018. (Exhibit 15: Police Report in lieu of Discovery)

### COMPLAINT 31

On February 1, 2019 at approximately 8:58 A.M., the Plaintiff was driving when she could hear a high pitched noise. The Plaintiff was exposed to the tone about 17 minutes. After, the Plaintiff experienced pain in the left side of her head and an upset stomach. (Exhibit 37: Recording made February 1, 2019)

### COMPLAINT 32

On February 10, 2019, the Plaintiff woke with a scratch in the shape of what appeared to be teeth on the Plaintiff buttocks. When the Plaintiff went to the restroom the Plaintiff discovered that the window in a downstairs bedroom had been broken. The Plaintiff plasticed the window with a black trash bag. (Exhibit 38: Recording made February 10,2019)

### COMPLAINT 33

On February 11, 2019, the Plaintiff discovered that the plasticed window had been opened and a symbol similar to the one the Plaintiff found on her buttocks. (Exhibit 39: Digital Image taken on February 1, 2019, Exhibit 40: Recording made February 11, 2019)

### COMPLAINT 34

On February 20, 2019 at approximately 8:30 P.M, the Plaintiff was refused service on the order of Protection against Jovan J. Gudger, after the Defendant, Jovan J. Gudger had assaulted the Plaintiff. (Exhibit 41: Recording made on February 20, 2019.

### COMPLAINT 35

On February 24, 2019 at approximately 7:00 P.M., the Plaintiff called the Federal Bureau of Investigations to report a separate incident. During this phone call, a message sounded over the Plaintiff's cell phone that stated, "Patient 2677."before the Plaintiff was allowed to speak to a live person.

**COMPLAINT 36**

On May 13, 2019, the Plaintiff filed suit against the State of Illinois in the First District Court of Illinois in Cook County. The Plaintiff filed an application to file as an indigent, which was dismissed by Judge James P. Flannery based on cause and not on the merits of the application.

**COMPLAINT 37**

Before July 10 and 11, 2019, the First Municipal District Court sent the Plaintiff's cases #2019L005123 and #2019L005125 to arbitration without a first court date. Illinois State law allows for mandatory arbitration on civil tort (personal injury) case under $30,000; Both cases were for over $30,000.

**COMPLAINT 38**

On July 10 and 11, 2019, the Plaintiff attempted to file two post-trial motions on case #2019L005123 and #2019L005125 Five Civil Law Judges Christopher E. Lawler, Judge Brendan A. O'Brien, Judge Kathy M. Flannagan, Judge James P. Flannery, and Judge Clare E. McWilliams refused to rule on the motions, after the Plaintiff filed the cases online. In the court room that the day of July 10, 2019, Judge Christopher E. Lawler's and Judge Kathy M. Flannagan's court clerks refused to file the motions.

**COMPLAINT 39**

On August 2, 2019 at approximately 11:24 A.M., the State Police Officer Samantha Kromm and Jason Fahs (Kromm) battered the Plaintiff, towed the vehicle in her possession and kidnapped the Plaintiff, who was four months pregnant at the time, taking her to Perry Memorial Hospital, after forcing the Plaintiff to wait in State Police Officer Samantha's car for an hour. In the towed vehicle, there were multiple possessions, including the Plaintiff's two personal laptops that held evidence in this case.

**COMPLAINT 40**

On August 2, 2019 at approximately 1:00 P.M., Perry Memorial Hospital holds the Plaintiff against her will. The Officer Kromm handcuffed the Plaintiff a hospital bed. The Plaintiff under duress was forced to give the hospital urine sample, blood sample and Cardiac EKG. The Plaintiff was held a Perry Memorial for 12 hours.

**COMPLAINT 41**

From August 2, 2019 until August 30, 2019, the Plaintiff was held against her will at Unity point Methodist Prison ward without trial or charges.

**COMPLAINT 42**

On August 3, 2019 approximately 1:30 AM, the Plaintiff was then transferred to Unity Point Methodist's Prison Ward in a police vehicle by unknown Officer.

**COMPLAINT 43**

On August 7, 2019 at approximately 3:30 AM, the Plaintiff was sexually battered by Dr. Narayana Reddy.

**COMPLAINT 44**

On August 7, 2019, the Plaintiff was served by hand by Tamara Schaffer a notarized document of a notice of a Petition for Involuntary/Judicial Admission 5 days after the Plaintiff was kidnapped by State Police Officers. The court date was held days after the Plaintiff was forcibly detained. The Plaintiff did not receive a summons.

**COMPLAINT 45**

On August 9, 2019, the Plaintiff was served by hand by Tamara Shaffer a notarized document, a notice of

a Petition for Administration of Psychotropic Medications/ Electroconvulsive Therapy.

## COMPLAINT 46

On August 9, 2019, the Plaintiff attempts to make a second battery complaint but is refused a rape kit by Unity Point Methodist Prison Ward. Unity Point Methodist Prison Ward housed female and male inmates together.

## COMPLAINT 47

On August 13 and 20, 2019, the tenth Circuit Court held both hearings on both petitions simultaneously and both had the same case number, even though, they were two different suits filed on different days by different individuals and different facilities. Judge Albert Purham presided over the cases on August 13 and 20. Albert Purham's Judgeship ended on June 30, 2019.

## COMPLAINT 48

On August 20, 2019 at approximately P.M., Haldol and Prozac was order by the State of Illinois Judge Albert Purham of the 10th District of Peoria County with recommendations of a doctor "Narayana Reddy". In Hindi Narayana means "Death; therefore, with the recommendation of a man whose name was "death ready" at twice the dose for one month. Both drugs have harmful side effects to fetuses and the potential to cause distal bowel. (Exhibit 16: Petition for Administration of Psychotropic Medications/ Electroconvulsive Therapy, also labeled People's Exhibit A; Exhibit 17: Order for Administration of Authorized Involuntary Treatment)

## Request for Relief

The Plaintiff requests relief and restitution as outlined below:

### Relief

All attempts to Murder, Batter, Assault and Sexually Batter the Plaintiff must cease.

As the Plaintiff requests Orders of Protection against Officers working for Riverdale Police Department.

As the Plaintiff is not participating in any organ donor programs, the Plaintiff requests that all related information, antigen, blood typing, genetic typing be removed from the Plaintiff's medical records.

The Plaintiff requests removal of drug tests from the Plaintiff's medical records.

The Plaintiff requests an immediate and comprehensive investigation into the events outlined in this pleading.

### Restitution

MetroSouth Medical Center for Attempted Homicide/Organ Removal    Insurance Fraud and Invasion of Privacy - $5,000,000

Unity Point Methodist Hospital for Attempted Homicide, Kidnapping, Sexual Battery - 10, 000,000

State of Illinois Attempted Homicide, Sexual Battery, False imprisonment, Kidnapping, and violations to

the U.S. Constitution's First, Second, Fourth, Fifth, Seventh, Eight and Fourteenth Amendments - $40,000,000

Perry Memorial Hospital for Kidnapping and forcing un-needed medical services - $4,800,000

Jovan J, Gudger for Attempted Murder, Sexual battery and Stalking - $100,000

## Unreturned/Stolen Property on August 2, 2019

2012 Nissan Pathfinder: Owner Julie J. Gudger- Retail Price $11,127 (current value)

HP Stream Laptop, Neon Blue - Retail Price $500

HP Laptop, Black - Retail Price $800

Kenneth Cole Reaction Overnight bag , Light Grey - Retail Price $120

Broken Amazon 7 , Blue generation tablet, Retail Price $100

Samsung Galaxy S4 cell Phone: Owner Julie J. Gudger, List Price $

Motorola Moto X 4th generation, Black- Retail Price $

2nd edition 3rd Print copy of Louisa Alcott's Four Cousins - irreplaceable

Original 1942 copy of Winnie the Pooh- irreplaceable

Scruncii rhinestone hair clips 2, colored rose gold- Retail Price $6.99

Scruncii rhinestone hair pin, colored rose gold - Retail Price $6.99

Victoria Secret Vanilla body spray - Retail Price $11.99

4 Pack Sheik razors- Multicolored - Retail Price $6.99

6 pairs Hanes woman's panties - Retail Price $9.99

Roller Suit case Walmart Brand - Retail Price $15

Exhibit 16

FILED
ROBERT M. SPEARS
8/9/2019 9:21 AM
CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

## PETITION FOR ADMINISTRATION OF
## PIC MEDICATIONS / ELECTROCONVULSIVE THERAPY

STATE OF ILLINOIS

CIRCUIT COURT FOR THE _10th_ JUDICIAL DISTRICT

_Peoria_ COUNTY

Request up to 90 days court entered judecch
_Amie M Lay_ 08/08/19

IN THE MATTER OF _Lynwellyn_ )
_Gudger_ )
_____ )
_____ )

DOCKET NUMBER

_19 MH 162_

Who is alleged to be a person who has ☒ Mental Illness ☐ Developmental Disability and for whom this petition for
(Check One or Both)

administration of psychotropic medication and/or electro convulsive therapy is initiated for the following reasons (briefly
explain reasons individual meets the criteria for each of the following):
Pt admitted due to delusional behavior. It is believed that without
psychotropic medications patients Behavior will continue to worsen and
aggressive behavior will increase in severity.

1. ☒ The individual lacks capacity to give informed consent to:

☒ psychotropic medication ☐ electroconvulsive therapy

and, (Check One or Both)

2. That because of said mental illness or developmental disability, the individual exhibits any one of the following:
   deterioration of ability to function, suffering or threatening behavior; and

3. That the illness or disability has existed for a period marked by the continuing presence of the symptoms set forth item
   (2) above, or the repeated episodic occurrence of these symptoms; and

4. That the benefits of the treatment clearly outweigh the harm; and

5. That the individual lacks the capacity to make a reasoned decision about the treatment; and

6. That other less restrictive services were explored and found inappropriate; and

7. The petition seeks authorization for testing and other procedures, that said testing and procedures are essential for the
   safe and effective administration of treatment.

8. The petitioner has made a good faith attempt to determine whether the individual has executed a Power of Attorney for
   Health Care Law or a declaration for mental health treatment under the Mental Health Treatment Preference
   Declaration Act. If either of the above are available, they are attached to the Petition.

WHEREFORE, the Petitioner request the court for an order authorizing the clinical staff member

_NARAYANA REDDY_ at the _Unity Point_ facility/hospital to administer one or
(psychiatrist's name)          (name of institution)

more of the following listed treatment(s) to the
individual

_Lynwellyn Gudger._
(individual's name)

(MHDD-25)
IL 462-2025 (R-6-08)

Page 1 of 2



PEOPLE'S
EXHIBIT

6. The Respondent lacks the capacity to make a reasoned decision about the treatment; and

7. Other less restrictive services were explored and found inappropriate; and

8. The testing and procedures set forth below are essential for the safe and effective administration of the treatment; and

9. A good faith attempt was made to determine whether the Respondent has executed a Power of Attorney for Health Care or a Declaration for Mental Health Treatment.

10. Other: _____

_____

☐ **FOR THE REASONS STATED IN OPEN COURT, THE RESPONDENT IS NOT SUBJECT TO THE ADMINISTRATION OF AUTHORIZED INVOLUNTARY MEDICATION.**

**THE COURT'S RULING IS BASED ON FINDINGS OF FACT AND CONCLUSIONS OF LAW AS STATED ON THE RECORD IN OPEN COURT.**

**THEREFORE, IT IS HEREBY ORDERED:**

☑ **THE PETITION IS GRANTED, AS FOLLOWS:**

1. Doctor _Reddy_____ (or his/her designee) at _Unity Point Methodist_____ or a member of the clinical staff of that facility who is licensed to administer psychotropic medications pursuant to Illinois law is authorized to administer psychotropic medications as follows: (List all primary medications, delivery method, dosage range and frequency)
   _See Exhibit A_____
   _____
   _____

2. Additionally, the following alternative medications may be administered: (List all alternative medications, delivery method, dosage range and frequency)
   _See Exhibit A._____
   _____
   _____

3. Respondent shall also receive the following essential tests and procedures: (List all tests)
   _See Exhibit A_____
   _____
   _____

4. This Order is in effect for a period not to exceed ☑ 90 ☐ 180 days (405 ILCS 5/2-107.1(a-5)(5))

5. This matter is continued to _____ at _____ _____
                                           (Date)       (Time)      (Court Location)

   for (please specify): _____

## PSYCHOTROPIC MEDICATION

To administer psychotropic medication to the individual for _90_ days (not to exceed 90).

Psychotropic medication to be given to individual:

First Choice: _See attached_

| Name of Medication | Dosage Range |
| --- | --- |

Alternatives: _See attached_

| Name of Medication | Dosage Range |
| --- | --- |

| Name of Medication | Dosage Range |
| --- | --- |

| Name of Medication | Dosage Range |
| --- | --- |

## ELECTRO CONVULSIVE THERAPY

To administer electro convulsive therapy to the individual for _____ days (not to exceed 90).

The initial number of treatments to be administered will be _____ treatments.
number

Additionally, the following _____ electro convulsive maintenance treatments will be given to the individual with the timeframe specified.

## TESTING AND/OR OTHER PROCEDURES (if applicable)

Specific testing and procedure necessary to administer the above are as follows:

I have read and understood this Petition and affirm that the statements made by me are true to the best of my knowledge. I affirm that I advised the individual, in writing, of the risks and benefits of the proposed treatment.

Dated: _8/8/19_
Dr. N. Reddy MD

Signed: _____

Address: _221 NE Glen Oak Ave_
_Peoria IL 61636_

Realtionship to Respondent: _Psychiatrist_

(MHDD-25)
IL 462-2025 (R-6-08)

Page 2 of 2

| X Indicates Choice | Brand name (generic) | Route of Administration | Dosage Range | Frequency |
|---|---|---|---|---|
| | | Oral (PO), Intramuscular (IM), LAI (Long-acting Injectable) | | |
| ✓ | Haldol (haloperidol) | | 1-40mg PO/IM; 25-100mg LAI | PO/IM: daily, LAI: every 2-4 weeks |
| | Prolixin (fluphenazine HCl) | PO; IM; LAI | 0.5-40mg PO; 2.5-20mg IM; 12.5-50mg LAI | PO/IM: daily, LAI: every 2-4 weeks |
| | Thorazine (chlorpromazine HCl) | PO; IM | 10-800mg PO or IM | daily |
| | Risperdal (risperidone) | PO; LAI | 0.5-12mg PO; 12.5-50mg LAI | PO: daily, IM: every 2 weeks |
| | Invega (paliperidone) | PO; LAI | 1.5-12mg PO; 39-234mg LAI | PO: daily, IM: every 4 weeks |
| | Zyprexa (olanzapine) | PO; IM | 2.5-40mg PO and IM | daily |
| | Abilify (aripiprazole) | PO; IM; LAI | 2.5-30mg PO; 300-882mg LAI | PO: daily LAI: every 4-8 weeks |
| | Clozaril (clozapine) | PO | 12.5-900mg | daily |
| | Geodon (ziprasidone) | PO; IM | 10-200mg PO; 10-40 IM | daily |
| | Seroquel (quetiapine fumarate) | Oral | 25-1200mg | daily |
| | Latuda (lurasidone) | Oral | 20-160mg | daily |
| | Saphris (asenapine) | Oral sublingual wafer | 5-20mg | daily |
| | Lithium | Oral Tablet, Capsule, or Solution | 150-1800mg | daily |
| | Depakote (divalproex sodium) | Oral EC or 24-Hour ER tablet | 125-3000mg | daily |
| | Tegretol (carbamazepine) | Oral | 100-1200mg | daily |
| | Trileptal (oxcarbazepine) | Oral | 300-2400mg | daily |
| | Ativan (lorazepam) | IM or Oral | 0.5-20mg | daily |
| | Klonopin (clonazepam) | Oral | 0.5-8mg | daily |
| | Cogentin (benztropine mesylate) | IM or Oral | 0.5-6mg | daily |
| | Artane (trihexyphenidyl) | Oral | 2.5-15mg | daily |
| | Inderal (propranolol) | Oral | 10-120mg | daily |
| ✓ | Prozac (fluoxetine) | Oral | 10-80mg | daily |
| | Zoloft (sertraline) | Oral | 25-200mg | daily |
| | Effexor (venlafaxine HCl) | Oral 24-Hour and standard tablet | 37.5-375mg | daily |
| | Remeron (mirtazapine) | Oral | 7.5-60mg | daily |

Attachment A: Supplementary Petition for Administration of Psychotropic Medications for up to 90 days

Exhibit 17

_____TE OF ILLINOIS                                    (Rev. 4/3/17)
_____JUDICIAL CIRCUIT
_____COUNTY                                         **FILED**
                                                           ROBERT M. SPE

IN THE MATT__                              )
                                           )
Lynwellyn Gudg___                          )   DOCKET NUMBER: __19 MH 162    AUG 2 0 2019
**Respondent**                             )
                                                           CLERK OF THE CIRCUIT (
                                                           PEORIA COUNTY, ILLIN

## ORDER FOR ADMINISTRATION OF AUTHORIZED INVOLUNTARY TREATMENT
### (MEDICATION)

**THIS MATTER COMING TO BE HEARD ON THE PETITION OF** _Narayana Reddy_____**(Petitioner)**
**FOR THE ADMINISTRATION OF AUTHORIZED INVOLUNTARY MEDICATION OF**
_Lynwellyn Gudger_____ **(Respondent), AND:**

☑ The Petitioner is PRESENT in court.

☐ The Petitioner is NOT PRESENT in court.

☑ The Respondent is PRESENT in court.

☐ The Respondent is NOT PRESENT in court and his/her presence is waived by counsel.

☑ Notice of this hearing has been provided to the Respondent and all relevant persons pursuant
to 405 ILCS 5/2-107.1.

**AFTER A HEARING, THE COURT FINDS BY CLEAR AND CONVINCING EVIDENCE THAT:**

☑ **THE RESPONDENT IS SUBJECT TO THE ADMINISTRATION OF AUTHORIZED
INVOLUNTARY MEDICATION, DUE TO THE FOLLOWING:**

1. The Respondent has a serious mental illness/developmental disability; and

2. The Respondent currently exhibits any one of the following (check all that apply):
   ☑ deterioration of his or her ability to function, as compared to the Respondent's ability
   to function prior to the current onset of symptoms of the mental illness or
   developmental disability for which treatment is presently sought, or
   ☐ suffering, or
   ☑ threatening behavior; and

3. The illness or disability has existed for a period marked by the continuing presence of such
symptoms set forth in item number 2 above or the repeated episodic occurrence of these
symptoms; and

4. The benefits of the treatment outweigh the harm; and

5. The Respondent has been advised in writing of the benefits, side effects and risks of the
treatment and of the alternatives to the proposed treatment; and

☑ **APPEAL RIGHTS GIVEN:** ☑ In open court, Respondent present; or ☐ To counsel, with instructions to advise the Respondent who was not present in court.

☐ **IT IS HEREBY ORDERED THAT THE PETITION IS DENIED AND DISMISSED FOR THE REASONS STATED IN OPEN COURT.**

DATED: _____ 8-20-19

ENTER: _____

Judge ● Albert Purham _____

**APPROVED AS TO FORM:**

_____
ASSISTANT STATE'S ATTORNEY

_____
ATTORNEY FOR THE RESPONDENT

## NOTICE TO THE RESPONDENT AND OTHER PERSONS

**IF YOU ARE AFFECTED BY OR INTERESTED IN THIS ORDER, YOU SHOULD KNOW THAT:**

1. **A FINAL ORDER MAY BE APPEALED.**
   The court must notify you (the Respondent) either directly or through your counsel of your right to appeal and, if you are indigent, of your right to have free transcripts and counsel. If you wish to appeal and cannot obtain counsel, counsel will be appointed for you pursuant to Section 3-816 of the Mental Health and Developmental Disabilities Code.

2. **AN ORDER FOR TREATMENT IS INITIALLY VALID FOR NO MORE THAN 90 DAYS. A SUBSEQUENT ORDER MAY BE ENTERED FOR AN ADDITIONAL PERIOD OF 90 DAYS.**
   Thereafter, an order may be valid for up to 180 days.

3. **RELATIVES OR FRIENDS MAY TRANSPORT YOU IF YOU HAVE BEEN ADMITTED BY ORDER.**
   The court may authorize a relative or friend to transport you to the appropriate facility if such person can do so safely and humanely.

4. **UNWILLINGNESS OR INABILITY OF YOUR PARENT, GUARDIAN, OR PERSON *IN LOCO PARENTIS* TO PROVIDE FOR YOUR CARE OR RESIDENCE IS NOT GROUNDS FOR THE COURT'S REFUSING TO ORDER DISCHARGE.**
   A petition may be filed under the Juvenile Court Act or Probate Act to ensure appropriate care and residence.

5. **THE COURT MAY MODIFY THIS ORDER IN THE FUTURE.**
   If your treatment needs change, or if the facility or program cannot meet your needs, upon petition or other proper method of review, the court may modify this order and enter a revised order based on the new circumstances.

**AT A MINIMUM, THESE PERSONS SHOULD RECEIVE THIS ORDER:**
   (a)  The Respondent;
   (b)  The Respondent's attorney;
   (c)  The director of the facility or program which will administer the treatment, if so ordered by the Court.

| | Attachment A: Supplementary Petition for Administration of Psychotropic Medications for up to 70 days | | | |
|---|---|---|---|---|
| X indicates Choice | Brand name (generic) | Route of Administration | Dosage Range | Frequency |
| ✓ | Haldol (haloperidol) | Oral (PO), Intramuscular (IM), LAI (Long-acting injectable) | 1-40mg PO/IM; 25-100mg LAI | PO/IM: daily, LAI: every 2-4 weeks |
| | Prolixin (fluphenazine HCl) | PO; IM; LAI | 0.5-40mg PO; 2.5-20mg IM; 12.5-50mg LAI | PO/IM: daily, LAI: every 2-4 weeks |
| | Thorazine (chlorpromazine HCl) | PO; IM | 10-800mg PO or IM | daily |
| | Risperdal (risperidone) | PO; LAI | 0.5-12mg PO; 12.5-50mg LAI | PO: daily, IM: every 2 weeks |
| | Invega (paliperidone) | PO; LAI | 1.5-12mg PO; 39-234mg LAI | PO: daily, IM: every 4 weeks |
| | Zyprexa (olanzapine) | PO; IM | 2.5-40mg PO and IM | daily |
| | Abilify (aripiprazole) | PO; IM; LAI | 2.5-30mg PO; 300-882mg LAI | PO: daily LAI: every 4-8 weeks |
| | Clozaril (clozapine) | PO | 12.5-900mg | daily |
| | Geodon (ziprasidone) | PO; IM | 10-200mg PO; 10-40 IM | daily |
| | Seroquel (quetiapine fumarate) | Oral | 25-1200mg | daily |
| | Latuda (lurasidone) | Oral | 20-160mg | daily |
| | Saphris (asenapine) | Oral sublingual wafer | 5-20mg | daily |
| | Lithium | Oral Tablet, Capsule, or Solution | 150-1800mg | daily |
| | Depakote (divalproex sodium) | Oral EC or 24-Hour ER tablet | 125-3000mg | daily |
| | Tegretol (carbamazepine) | Oral | 100-1200mg | daily |
| | Trileptal (oxcarbazepine) | Oral | 300-2400mg | daily |
| | Ativan (lorazepam) | IM or Oral | 0.5-20mg | daily |
| | Klonopin (clonazepam) | Oral | 0.5-8mg | daily |
| | Cogentin (benztropine mesylate) | IM or Oral | 0.5-6mg | daily |
| | Artane (trihexyphenidyl) | Oral | 2.5-15mg | daily |
| | Inderal (propranolol) | Oral | 10-120mg | daily |
| ✓ | Prozac (fluoxetine) | Oral | 10-80mg | daily |
| | Zoloft (sertraline) | Oral | 25-200mg | daily |
| | Effexor (venlafaxine HCl) | Oral 24-Hour and standard tablet | 37.5-375mg | daily |
| | Remeron (mirtazapine) | Oral | 7.5-60mg | daily |



# ILLINOIS STATE POLICE
## FIELD REPORT

Field Report Number: **F17-19-00296**
TraCS Report Number: **19-37658000828**
CAD Number: **171900010359**

| Type of Report(s): **Other** | | | | | | Supplemental ☐ |
|---|---|---|---|---|---|---|

| ORI Number **IL0509900** | How Notified **Cellular Telephone** | | Incident Date **08/02/2019** | Incident Time **10:20 AM** | Initial Notification Date **08/02/2019** | Initial Notification Time **10:20 AM** |

| Location Description **I-80 W/B @ MP 57 1/2** | GPS Latitude **41.399867** | GPS Longitude **-89.444857** |
|---|---|---|

| County in which Incident Occurred **BUREAU** | Township **PRINCETON TWP** | Location Type **HIGHWAY/ROAD/ALLEY** |
|---|---|---|

| Associated Reports : | Agency Name | Reference Type | Reference Number |
|---|---|---|---|
| 1.) | | | |
| 2.) | | | |
| 3.) | | | |
| 4.) | | | |

Brief Description of Report
**MENTAL ILLNESS**

| Use of Force? ☐ Yes ☒ No | What Type(s) of Force were Used? |
|---|---|

### PERSON 1

| Type of Person **OTHER** | | Caution **No** |
|---|---|---|

| Last Name **GUDGER** | First Name **LYNWELLYN** | Middle Name **H** | Suffix |
|---|---|---|---|

| Alias(es) | Business/Organization |
|---|---|

| DOB Known? **YES** | Date of Birth **12/25/1981** | Age **37** | Gender **FEMALE** | Race **BLACK** | Ethnicity **NOT OF HISPANIC ORIGIN** |
|---|---|---|---|---|---|

| Skin Tone **BLACK** | Height **5'00"** | Weight **131 LBS** | Hair Color | Eye Color **BROWN** | Build **THIN** | Marital Status **SINGLE** |
|---|---|---|---|---|---|---|

Scars/Marks/Tattoos (select up to 10)

| Address **13904 S STATE ST** | City **RIVERDALE** | State **IL** | Zip Code **60827** |
|---|---|---|---|

| Place of Birth **US - UNITED STATES** | Resident Status **RESIDENT** | Other Contact Information **GARY RANDEL - BOYFRIEND** | |
|---|---|---|---|

| Home/Cell Phone # **(773) 815-7454** | SSN | Drivers License Number **G32652881966** | License State **IL** |
|---|---|---|---|

| ISP ticket # | FBI # | BOI/SID # | LEADS # | NCIC # |
|---|---|---|---|---|

| Employer or School | Occupation |
|---|---|

| Address | City | State | Zip Code | Work Phone # |
|---|---|---|---|---|

| Type of Injury (up to 5) **NONE** | Address where treatment given |
|---|---|

| VEHICLE 1 | | | |
|---|---|---|---|
| **Vehicle Year** 2012 | **Make** NISSAN | **Model** PATHFINDER | **Style** PASSENGER CAR |
| **License Plate #** Z509226 | **State** IL | **License Plate Year** 2019 | **Color(s)** BLUE, GRAY |
| **VIN #** 5N1AR1NBXCC609346 | **Impounded?** NO | **Impound Location** | **Towed?** YES |
| **Owner Last Name** GUDGER | **First Name** JULIE | **Middle Name** L | **Suffix** |
| **Street** 13904 S STATE ST | | | **State** IL |
| **City** RIVERDALE | **Zip Code** 60827-2018 | **Phone Number** (708) 250-6952 | **Vehicle Tied to Person(s)** 001 |

## NARRATIVE

On 08/02/2019 at approximately 10:00am I, Sgt. J. Fahs, was sent to a motorist assist on I-80 W/B @ MP57.

I arrived on scene at approximately 10:20am. I observed the hood up, and the passenger side door was open. I exited my squad car, and as I approached, I observed the subject in the passenger seat close the passenger door. I walked up on the passenger side, and observed the sole occupant to be in the passenger seat, and the window was up. The female passenger was rummaging around the unit, as I stood outside. She did not look at me. I knocked on the window to get her attention. She looked at me for several seconds. She then turned away from me, continued to rummage around, and did not acknowledge me. I then opened the passenger door, and asked the female, later identified as Lynwellyn H. Gudger d.o.b. 12/25/1981, what was going on. She replied, "What do you mean, what's up?" I asked her why she was parked on the side of the roadway. Gudger stated her car needed a jump. I requested a driver's license from her. Gudger climbed into the back seat. She rummaged through a purse and several bags, and could not locate her d.l. Gudger advised she believed she had given her d.l. to a Trooper on Thursday night, in Peru. Gudger did find, and give me a student identification card with her photo, a credit card with her name on it, and her social security card. Upon running a d.l. check, she came back valid. I asked Gudger where she was going. She stated she was going to Iowa to see her daughter. I asked her if she had problems with her car Peru. She stated, yes.

I pulled around, and in front of Gudger's car. Gudger had jumper cables and had hooked up the positive end of the cable to her battery, and the negative end to a plastic air cover. Gudger stated her car had a positive ground. I noticed her battery was wet. She stated she poured a soda pop all over it. The unit would not start, but did turn over. I asked Gudger if she had enough fuel. She stated she had fuel in the back of the car. I looked inside the car at the fuel gauge, and observed the gauge was on 'E' (empty). Gudger had a one gallon container she 'dumped' in the tank - (the one gallon container appeared empty to me).

I advised Gudger I would transport her to get fuel. She was in her car moving things from one duffel bag to another. It appeared to be mostly papers. Gudger then put some things back in the bag she was retrieving from. She grabbed the bag, and a hard back book that was in a Ziploc bag, and brought them with.

I transported Gudger to Road Ranger in Princeton. While en route, I noticed her pointing toward the passenger window, and rubbing the top of the door. She appeared to be talking to herself.

An attempt was made to start the car, again. The car would not start. I transported Gudger back to the Road Ranger in Princeton, and she was going to make her own arrangements for a tow.

At approximately 11:20am, I heard Tpr. Kromm out with a pedestrian on I-80 @ MP56. As Tpr. Kromm described the pedestrian, I advised her that it was probably the same subject I had on a previous motorist assist. Kromm advised me that the female was acting irrational and was not cooperating with her. Tpr. Kromm advised the female/Gudger was attempting to walk back to her car, and Gudger was advised that she could not walk back to her car on the interstate. Tpr. Kromm advised me she offered to give Gudger a ride, and she refused. Tpr. Kromm advised Gudger appeared as if she wanted to fight.

I observed earlier that Gudger's registration had been ran by Peru and LaSalle PD's, as well as our department on 08/01. I made a call to Peru PD to check and see if they had any contact with Gudger on 08/01. I was advised they had several dealings with Gudger. (See attached Peru PD reports). I was advised that Gudger was acting indifferent and irrational with officer's in 2 separate incidents. Peru PD dispatch also advised they had just received a call earlier on 08/02 from a Gary

Randle. He had inquired as to why Peru PD had let her go, as she was bipolar, and a schizophrenic. I later contacted Randle, and inquired the relationship between the two. Randle stated they were cohabitants, and they had a child in common, and he also advised Gudger was pregnant. I asked him if she had any mental health issues. He stated she was bipolar, and would not attempt to get any help.

I arrived on scene with Tpr. Kromm. I observed the 2 in the north ditch, and in front of Tpr. Kromm's car. I exited my squad car, and it appeared Gudger was videotaping me with an ipad. I asked Gudger if she had contacted a tow. She stated she had called AAA, even though she did not have a AAA card, as I observed her card was an Allstate card. Gudger walked past me and my squad car in an attempt to walk to her car. She was advised she couldn't be walking on the interstate. Gudger was handcuffed checked for fit, and detained.

We relocated to Road Ranger in Princeton.

Gudger was from Riverdale. I contacted Riverdale PD, to see if they ever had contact with Gudger. I spoke with Detective Lugo. I asked him if he was familiar, or if his department had any contact with Gudger. Lugo stated he had received a phone call from the FBI about this subject, on 08/01. He stated Gudger had made 27 phone calls to their agency stating her daughter's life was in danger (Indigo), and she definitely had a mental disorder. Riverdale PD gave me a phone number for Inidigo, and boyfriend Gary Randle's number.

I contacted Gudger's daughter, Indigo. I inquired if Gudger had any mental health issues. Indigo advised she had issues, but has not been diagnosed, nor been treated. Indigo said Gudger had sent an email to her about coming to Mason City to see her, but had not confirmed that.

Tpr. Kromm transported Gudger to Perry Memorial Hospital for an evaluation. I met them at the hospital.

Dr. Kaczorowski did the evaluation on Gudger, and recommended placement.

| OFFICER | | | | |
|---|---|---|---|---|
| Officer Name<br>J FAHS | Officer ID<br>4852 | Assisting Officer Name(s)<br>TPR. KROMM | | Assisting Officer ID(s)<br>6473 |
| Date report completed<br>08/02/2019 | Accept Date<br>08/12/2019 | Supervisor<br>J MORSCHEISER | | Officer ID<br>5636 |
| Video Taken:<br>Yes | | Video Number:<br>17-08156 | Evidence Seizure:<br>NO | Photos:<br>NO |
| Case Status<br>OTHER | | | Copies To: | |

Investigating Officer (Signature)

SGT. 9. 7~~

| ATTACHMENT |
|---|

Description
Peru PD attached reports



# ILLINOIS STATE POLICE
## UNIVERSAL ADDENDUM

| Original Form | | Report Date | | Original Report Number | |
|---|---|---|---|---|---|
| ☐ Crash  ☒ Field Report | | 08/02/2019 | | 19-37658000828 | |

**PERSON**

| Type of Person | Last Name | | First Name | | Middle Name |
|---|---|---|---|---|---|
| Street | | City | | State | Zip Code |
| Date of Birth | | Age | | Gender | |
| Phone Number: | | | | | |

### NARRATIVE

ON 8/2/2019 AT APPROXIMATELY 11:24 AM, I TROOPER KROMM #6473 WAS K9 TRAINING IN PRINCETON. I WAS TRAVELING WEST BOUND ON I-80 EXITING AT MP 56 WHEN I OBSERVED A BLACK FEMALE, IDENTIFIED AS LYNWELLYN H. GUDGER 12/25/81, WALKING EAST BOUND ON THE WEST BOUND SHOULDER. I STOPPED TO ASSIST GUDGER. I ASKED GUDGER WHERE SHE WAS TRAVELING TO AND SHE STATED SHE WAS WALKING TO HER VEHICLE THAT WAS ON THE SHOULDER. SGT. FAHS INFORMED ME HE HAD JUST TRANSPORTED GUDGER TO THE ROAD RANGER IN PRINCETON AND THAT HER VEHICLE WAS NOT DRIVEABLE. I INFORMED GUDGER OF THIS AND I INFORMED HER I WOULD TRANSPORT HER OFF THE INTERSTATE. I REQUESTED TO SEARCH GUDGER'S BAG BEFORE I ALLOWED HER IN MY VEHICLE AND GUDGER REFUSED. AT THIS TIME, SHE STARTED WALKING IN THE OPPOSITE DIRECTION. SGT. FAHS ARRIVED ON SCENE. WE INFORMED GUDGER WE WOULD BE PLACING HER IN HANDCUFFS AND TRANSPORTING HER OFF THE INTERSTATE IF SHE REFUSED TO GET OFF THE INTERSTATE. HER POSSESSIONS WERE SEARCHED YIELDING NEGATIVE RESULTS. SGT. FAHS STATED SHE HAD 4 POLICE CONTACTS BEFORE I MADE CONTACT WITH GUDGER. GUDGER WAS DEFIANT, ANGRY, AND WOULD NOT COOPERATE. WE TRANSPORTED GUDGER TO PERRY MEMORIAL HOSPITAL.

I SUBMITTED A STATEMENT WITH THE FOLLOWING FACTS TO PERRY MEMORIAL HOSPITAL STAFF.

-I VIOLATED HER RIGHTS
-SHE STATED SHE WAS GOING TO SUE ME AND THAT I WAS RELATED TO JULIE LAWLER. SHE HAS A FEDERAL LAWSUIT AGAINST JULIE LAWLER. SHE WAS PARANOID THINKING I CONSPIRED AND HAD RELATIONS WITH LAWLER LAW FIRM.
-CALLED FBI 27 TIMES
-CLAIMED VEHICLE WAS HERS. ITS HER MOTHERS AND THE VEHICLE'S BATTERY IS DEAD AND HAD NO GAS.
-SHE IS ENROUTE TO VISIT DAUGHTER INDIGO. SHE CLAIMS INDIGO IS IN DANGER. INDIGO STATED GUDGER HAS EMAILED HER MULTIPLE TIMES THAT WERE INCOHERENT.
-ACCUSED ME OF BREAKING HER CELL PHONE. IT WAS A TABLET. THE TABLET WAS BROKEN PRIOR TO MY INVOLVEMENT.
-DAUGHTER AND BOYFRIEND BOTH STATED SHE IS BI-POLAR AND SCHIZOPHRENIC. THEY STATED SHE NEEDS HELP. STATED SHE IS 3 MONTHS PREGNANT AND REFUSED TO GET MEDICAL ATTENTION.

GUDGER WAS RELEASED TO STAFF AT PERRY MEMORIAL AND I CLEARED FROM SCENE.

**OFFICER**

Investigating/Reporting Officer's Signature

| Officer ID | Officer Name | | District | | Date |
|---|---|---|---|---|---|
| 6473 | S Kromm | | 17 | | 08/05/2019 |

State of Illinois
Department of Human Services
**RIGHTS OF INDIVIDUALS RECEIVING MENTAL HEALTH
AND DEVELOPMENTAL DISABILITY SERVICES**

Individual's Name: *GRODGER, LYNWELL* Identification Number: *9723374* Date: *8-3-19*

Following are some of your rights. You have other rights that concern procedures of admission and discharge. These rights do not appear on these pages. However, you DO have a copy of these procedural rights. If you have admitted yourself voluntarily, look on the back of your IL462-2202 or IL462-2001D application. If you are here involuntarily, look on the back of the Petition for Involuntary/Judicial Admission (IL462-2005), and also look at both sides of any court orders you have received or may receive. You have been provided a Notice of Privacy as required by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) which describes your rights related to privacy of your protected health information.

**RETENTION OF RIGHTS**

As a general rule, you lose none of your rights, benefits, or privileges simply because you are an individual receiving mental health or developmental disability services. For example, you do not lose your right right to vote or attend religious services. However, you should know that individuals admitted to mental health facilities will be disqualified from receiving firearm owners' identification cards, or may lose any such cards possessed prior to admission.

**HUMANE CARE SERVICES**

You are entitled to adequate and humane care and services in the least restrictive environment and to an individual services plan.

**COMMUNICATION MAIL/TELEPHONE CALLS/ VISITS**

You have a right to communicate with other people in private, without obstruction, or censorship. by the staff at the facility. This right includes mail, telephone calls, and visits. There are limits to these rights. Communication by these means may be reasonably restricted by the director of the facility, but only to protect you or others from harm, harassment, or intimidation. ALL letters addressed to or from the Governor, members of the General Assembly, Attorney General, judges, State's attorneys, Guardianship and Advocacy or the Agency designated to protect and advocate rights of the developmentally disabled, officers of the Department, or licensed attorneys must be forwarded without examination. No facility shall prevent any attorney representing you or who has been requested to represent you by any relative or family member from visiting you during normal business hours. You may refuse to meet with the attorney.

**PROPERTY**

You are entitled to receive, possess, and use personal property unless it is determined that certain items are harmful to you or others. When you are discharged, all lawful property must be returned to you.

**MONEY**

You may use your money as you choose, unless you are under age 18 or prohibited from doing so under a court guardianship order.

**BANKING**

You may deposit your money at a bank or place it for safekeeping with the facility. If the facility deposits your money, any interest earned will be yours. Neither this facility nor any of its employees may act as payee to receive any payment or assistance directed to you, including Social Security and pension, annuity, or trust fund payments without your informed consent.

**LABOR**

You must be paid for work you are asked to perform which benefits the facility. NOTE: You may be required to do personal housekeeping chores without being paid.



State of Illinois
Department of Human Services

# RIGHTS OF INDIVIDUALS RECEIVING MENTAL HEALTH AND DEVELOPMENTAL DISABILITY SERVICES

| | |
|---|---|
| **REFUSING SERVICES** | If you are over 18 and do not have a guardian, you have the right to refuse services, including medication or electroconvulsive therapy (ECT). If you are over 18 and have a guardian, your guardian can refuse services on your behalf. If you do not want to take medication or ECT and your guardian disagrees, you may have a hearing before a judge, who will decide if you have to take the medication or ETC. If you or your guardian refuse services, you will not be given such services except when necessary to prevent you from causing serious harm to yourself or others or if a judge orders it. If you are under 18, you do not have a right to refuse services. |
| **RESTRAINTS** | Restraints may be used only to protect you from physically harming yourself or others, or as part of a medical or surgical procedure, and only under supervision of a properly qualified professional. |
| **EMERGENCY MEDICATION ELECTRO CONVULSIVE THERAPY RESTRAINT** | The facility must advise you, your guardian or substitute decision-maker, if any, of the following circumstances under which the law permits the use of emergency medication/ECT and/or restraint. At the same time, you or your guardian or substitute decision-maker may tell the facility which form of intervention you would prefer if any, if the circumstances should arise. Your preference will be noted in the record and the facility must give consideration to your preference. |
| **UNUSUAL SERVICES** | Any unusual, hazardous, or experimental services require your written and informed consent. |
| **MEDICAL/DENTAL SERVICES** | Except in emergencies, no medical or dental services will be provided to you without informed consent. |
| **RESTRICTIONS OF RIGHTS PERSONS NOTIFIED** | If your rights are restricted, the facility must notify:<br>- your parent or guardian, if you are under age 18;<br>- you and the person of your choice;<br>- the Guardianship and Advocacy Commission if you say you want the Commission to be contacted.<br>If communications were restricted with a specific person, you may have that person notified is you so desire. |



IL462-2001 (R-06-17) Rights of Individuals Receiving Mental Health and Developmental Disabilities Services
Printed by Authority of the State of Illinois    -0- Copies

Page 2 of 3



State of Illinois
Department of Human Services
**RIGHTS OF INDIVIDUALS RECEIVING MENTAL HEALTH
AND DEVELOPMENTAL DISABILITY SERVICES**

A Guardianship and Advocacy Commission is a state agency consisting of three divisions: Legal Advocacy Services, Human Rights Authority and the Office of the State Guardian. The Commission is located at the following addresses:

**East Central Regional Office**
2125 S. First Street
Champaign, IL 61820
Phone: (217) 278-5577
Fax: (217) 278-5588
TTY: (866) 333-3362

**Peoria Regional Office**
401 N. Main Street, Suite 620
Peoria, IL 61602
Phone: (309) 671-3030
Fax: (309) 671-3060
TTY: (866) 333-3362

**Rockford Regional Office**
4302 N. Main Street, Suite 108
Rockford, IL 61103
Phone: (815) 987-7657
Fax: (815) 987-7227
TTY: (866) 333-3362

**Egyptian Regional Office**
#7 Cottage Drive
Anna, Illinois 62906-1669
Phone: (618) 833-4897
Fax: (618) 833-5219
TTY: (866) 333-3362

**West Suburban Regional Office**
Madden Mental Health Center
1200 S. First Avenue, P.O. Box 7009
Hines, IL 60141
Phone: (708) 338-7500
Fax: (708) 338-7505
TTY: (866) 333-3362

**Metro East Regional Office**
Holly Bldg., 4500 College
Suite 100
Alton, IL 62002
Phone: (618) 474-5503
Fax: (618) 474-5517
TTY: (866) 333-3362

**North Suburban Regional Office**
9511 Harrison Avenue
Des Plaines, Illinois 60016
Phone: (847) 294-4264
Fax: (847) 294-4263
TTY: (866) 333-3362

**Chicago Regional Office**
160 N. La Salle Street
Suite S500
Chicago, IL 60601
Phone: (312) 793-5900
Fax: (312) 793-4311
TTY: (866) 333-3362

**Springfield Regional Office**
521 Stratton Building
401 S. Spring Street
Springfield, IL 62706
Phone: (217) 785-1540
Fax: (217) 524-0088
TTY: (866) 333-3362

Equip for Equality, Inc. is an independent, not-for-profit organization that administers the federal protection and advocacy system to people with disabilities in Illinois. Equip for Equality, Inc. provides self-advocacy assistance, legal services, education, public policy advocacy, and abuse investigations. The offices are located at:

**Main/Chicago Office**
20 N. Michigan, Ste 300
Chicago, Illinois 60602
(800) 537-2632 or
(312) 341-0022
TTY: (800) 610-2779
Fax: (312) 541-7544

**Central Illinois**
1 West Old Capitol Plaza, Suite 816
Springfield, IL 62701
(217) 544-0464
(800) 758-0464
TTY: (800) 610-2779
Fax: (217) 523-0720

**Northwestern Illinois**
1515 Fifth Avenue, Suite 420
Moline, IL 61265
(309) 786-6868
(800) 758-6869
TTY: (800) 610-2779
Fax: (309) 797-8710

**Southern Illinois**
300 E. Main Street, Suite 18
Carbondale, IL 62901
(618) 457-7930
(800) 758-0559
TTY: (800) 610-2779
Fax: (618) 457-7985

Website: www.equipforequality.org

I have explained these rights to the individual (or the guardian of the individual, if applicable) and have provided him or her a copy of it. A copy of this form has been filed in the individual's clinical record.

_Joseph T Moore RN_
Staff signature

_Joseph T. Moore RN_
Staff Name and Title

_8-3-19    0154_
Date and Time

X _____
Signature of Individual Receiving Services

☐ Check here if individual refuses to sign

_____
Witness' Name (required only if individual refuses to sign)

_____
Witness' Signature (required only if individual refuses to sign)



# Peoria Police Department
## Mandatory Notice for
## Survivors of Sexual Assault

## MEDICAL AND FORENSIC SERVICES

Survivors of sexual assault should seek medical attention as soon as possible. You may request transportation to the hospital.

### Services Available
If you request medical forensic services, the hospital must offer a general medical exam, treat injuries, evaluate the need for medications, and collect forensic evidence. Upon request, a hospital must perform a forensic exam and complete an evidence kit up to 7 days after the assault regardless of your age.

### Evidence Preservation
You may not be sure whether or not you want to participate in the criminal justice process right now, but it is important to know that critical evidence may be lost if you change clothes; bathe, shower or douche; use the restroom; eat; smoke; or brush teeth or gargle, depending on the nature of the attack.

The sooner the medical forensic exam is performed, the more evidence is available for collection.

### Storage of Evidence
If evidence is collected from you, but you are unsure about allowing law enforcement to test the evidence, the evidence will be stored for 5 years or, if you are under the age of 18, until your 23rd birthday. You can consent to test the evidence at any time during this period.

**You will NOT be billed for any services provided in the emergency room.** In addition, if you are eligible, the hospital will give you a voucher for 90 days of follow-up care.

## HOSPITAL INFORMATION

The nearby hospital below provides emergency medical and forensic services for sexual assault survivors:

| | |
|---|---|
| Hospital Name | 1. OSF Saint Francis Medical Center<br>2. UnityPoint Health Methodist<br>3. UnityPoint Health Proctor |
| Hospital Address | 1. 530 NE Glen Oak Ave, Peoria, IL 61637<br>2. 221 NE Glen Oak Ave, Peoria, IL 61636<br>3. 5409 North Knoxville Ave, Peoria IL 61614 |

This hospital employs a Sexual Assault Nurse Examiner: Yes: [X]  No: [ ]  *(Check One)*



# Peoria Police Department

## Storage and Future Testing of Sexual Assault Evidence

A consent form to test the sexual assault evidence collected today must be signed before law enforcement can send this evidence to a laboratory to be tested. You have indicated that you do NOT want to sign the consent for testing at this time.

If you are an adult, this evidence will be stored by law enforcement for five (5) years from today's date, ___8-25-19___.

If you are under 18 years of age, this evidence will be stored until your 23rd birthday.

You may request to be notified prior to the destruction of the evidence at the end of the storage period. This evidence will be stored at the law enforcement agency list below.

**A consent form for the testing of this evidence may be signed at any time during the storage period.** This can be done by contacting the law enforcement agency listed below or by working with an advocate from a rape crisis center.

| Law Enforcement Agency |
|---|
| Peoria Police Department |
| **Address** |
| 600 S.W. Adams Street, Peoria, Illinois 61602 |
| **Phone Number** |
| (309) 673-4521 |
| **Report Number** |
| 19-18310 |
| **Rape Crisis Center** |
| The Center for Prevention of Abuse |
| **Address** |
| 720 W. Joan Court, Peoria, IL 61614 |
| **Phone Number** |
| (309) 691-0551 or 1-800-559-7233 |

*This form shall be provided by a law enforcement officer to a victim who has not signed a consent form to test evidence at the hospital, either at the hospital or during the investigating officer's follow-up interview, pursuant to 725 ILCS 203/30(e). This requirement is effective January 1, 2017.*



# Peoria Police Department

## Mandatory Notice of Victim's Right to Information Regarding Sexual Assault Evidence Testing

You have consented to the testing of sexual assault evidence collected in your case.

This law enforcement agency must provide you with the following information regarding the testing of the evidence, at your request. You may designate another person to receive this information on your behalf.

You are entitled to the following information:

1. The date the sexual assault evidence was sent to an Illinois State Police Crime Laboratory or other appropriate laboratory by this agency. If you request this information, it must be provided to you within seven (7) days of the transfer of the evidence to a lab by this law enforcement agency.

2. Test results provided to this agency by the laboratory, including, but not limited to:
   - DNA test results, and
   - whether any drugs were detected in a urine or blood sample and information about any drugs detected.

   If you request this information, it must be provided to you within seven (7) days of this law enforcement agency receiving the results from the laboratory.

Requesting the Information
You may submit a request for this information at this time or by contacting this law enforcement agency at the address or phone number below at a later date.

| Law Enforcement Agency | |
|---|---|
| Peoria Police Department | |
| Address | |
| 600 S.W. Adams Street, Peoria, Illinois 61602 | |
| Phone Number | Email (if available) |
| (309) 673-4521 | |
| Report Number | |
| 19-18310 | |

You or your designee must keep the law enforcement agency informed of the name, address, phone number and email of the person to whom information should be provided and any changes to that information.

*This form must be provided by a law enforcement officer to a victim who has signed a consent form to test evidence at the hospital, either at the hospital or during the investigating officer's follow-up interview. This form must also be provided to a victim who signs a consent form to test sexual assault evidence at the law enforcement agency or with the assistance of a rape crisis advocate pursuant to 725 ILCS 203/35(c). This requirement is effective January 1, 2017.*

## CIVIL NO CONTACT ORDERS / ORDERS OF PROTECTION

Survivors of sexual assault may petition for a Civil No Contact Order (CNCO) or an Order of Protection (OP) that can order the offender to:

- Stay away from you and away from specific locations, such as your residence, your work, and your school
- Have no contact with you

The CNCO or OP can be obtained in civil court at a local courthouse. You will not pay a fee for requesting the order. While you can obtain a CNCO or OP on your own, it is best done with the assistance of an advocate or attorney. If the courthouse is closed but a judge is available, you may request that the officer provide or arrange transportation to the judge.

*You may be able to obtain sexual assault support services for free. These services include advocacy, counseling, assistance with information about the medical forensic exam, understanding the criminal justice system, and obtaining a Civil No Contact Order or an Order of Protection. You are encouraged to contact:*

| Rape Crisis Center Name<br>**The Center for Prevention of Abuse** | Hotline Number<br>**(309) 691-0551   or 1-800-559-7233** |
|---|---|

## RESPONDING LAW ENFORCEMENT AGENCY

| Responding Officer's Name<br>Metcalf | Star/Badge Number<br>869 |
|---|---|
| Responding Law Enforcement Agency Name<br>**Peoria Police Department** | Agency Phone Number<br>**(309) 673-4521** |
| Report Number<br>19-18310 | Date<br>8-25-19 |

## LAW ENFORCEMENT AGENCY WHICH WILL COMPLETE INVESTIGATION

| Law Enforcement Agency Name<br>Peoria PD |
|---|
| Law Enforcement Agency Address<br>1000 SW Adams |
| Law Enforcement Agency Phone Number<br>309-673-4521 |



Illinois State Police
Division of Forensic Services

**Patient Consent: Collect and Test Evidence or Collect and Hold Evidence**

| | |
|---|---|
| **DO NOT COMPLETE THIS BOX WITHOUT PATIENT'S CONSENT.** | GUDGER,LYNWELLYN<br>HAR: 349997416<br>CSN: 778168874<br>DOB: 12/25/1981 (37 yrs) F<br>MRN: 97233374<br>Adm Date: 8/3/2019 |
| Patient's Name _____ | |
| DOB ____ Hospital Medical Record No. _____ | |

**Medical Forensic Exam and Evidence Collection** (patient of any age. If patient is unable to provide consent due to age or mental status, consent may be obtained from parent or guardian, please circle.)

Initial one choice _____ I consent to _____ I decline a medical forensic exam and evidence collection. I understand I can stop the exam at any time and can decline any portion of the exam or collection of any sample. I understand that I will not be directly billed for any outpatient portion of the medical forensic exam. If declined, I understand that I can return to any treatment facility within 7 days of the assault and request that a medical forensic exam and evidence collection be completed.

**Photographic Evidence** (must be 13 years old or older. If under 13 years old, consent may be obtained from parent or guardian, please circle.)

Initial one choice _____ I consent to _____ I decline the collection of photographic evidence. I understand that these photos may include injuries and photos of my genital area. I understand that law enforcement may request photos independent of the medical forensic exam if I choose to report to law enforcement.

**Reporting Decision and Evidence Analysis** (must be 13 years old or older. If under 13 years old, consent may be obtained from parent, guardian, law enforcement or DCFS) **Choose option A, B, OR C and initial the choice.**

| **Option A - Patient Report** | **Option B - Health Care Provider Report** | **Option C - Non-Report** |
|---|---|---|
| _____ I am choosing to provide information directly to a law enforcement officer. I understand that I may decide how much information I provide and that I may stop the interview at any time. | _____ I am choosing to allow health care providers (HCP) to provide information to law enforcement regarding the sexual assault. I acknowledge that I do not have to speak with law enforcement at this time. | _____ At this time I am choosing NOT TO REPORT TO LAW ENFORCEMENT OR PARTICIPATE in any investigation. |
| Patient must also select one of the additional options below. | Patient must also select one of the additional options below. | I consent only to the **collection and storage** of evidence at a law enforcement agency. I understand this means the evidence will NOT be submitted to a forensic lab for analysis. I understand I can change my mind, make a report to law enforcement and possibly have evidence analyzed at a forensic lab by contacting law enforcement or a rape crisis center at a later time. I understand law enforcement is only required to hold the evidence for a minimum of 10 years or until the 28th birthday of a patient under the age of 18. (NON-REPORT AND HOLD). |
| ☑ I give permission for evidence and information gathered during my medical forensic exam to be released to law enforcement and analyzed at the forensic lab. I understand law enforcement will submit the evidence to a lab no later than 10 days after receiving it. I understand if the evidence is analyzed, law enforcement will receive the results for the purposes of investigation(s) and prosecution(s). (PATIENT REPORT AND TEST) | ☐ I give permission for evidence and information gathered during my sexual assault exam to be released to law enforcement and analyzed at the forensic lab. I understand law enforcement will submit the evidence to a lab no later than 10 days after receiving it. I understand if the evidence is analyzed, law enforcement will receive the results for the purposes of investigation(s) and prosecution(s). (HCP REPORT AND TEST) | |
| **OR** | **OR** | |
| ☐ I consent only to the **collection and storage** of evidence at a law enforcement agency. I understand this means the evidence will NOT be submitted to a forensic lab for analysis. I understand I can change my mind, release the evidence and possibly have evidence analyzed at a forensic lab by contacting law enforcement or a rape crisis center at a later time. I understand law enforcement is only required to hold the evidence for a minimum of 10 years or until the 28th birthday of a patient under the age of 18. (PATIENT REPORT AND HOLD) | ☐ I consent only to the **collection and storage** of evidence at a law enforcement agency. I understand this means the evidence will NOT be submitted to a forensic lab for analysis. I understand I can change my mind, release the evidence and possibly have evidence analyzed at a forensic lab by contacting law enforcement or a rape crisis center at a later time. I understand law enforcement is only required to hold the evidence for a minimum of 10 years or until the 28th birthday of a patient under the age of 18. (HCP REPORT AND HOLD) | |
| Sign here only if Option A was chosen | Sign here only if Option B was chosen | Initial here only if Option C was chosen |

Original to law enforcement case file, copy to hospital medical record, copy to patient

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS**
**PEORIA COUNTY**

In the Matter of
Lynwellyn Gudger

Case No.: 19-MH-00162

### NOTICE FOR HEARING

**Asserted to be a Person subject to INVOLUNTARY ADMISSION**

You are hereby notified that a court hearing concerning the above-named

Individual has been set for **8/13/2019** at **9:00 AM** on the 6TH FLOOR of UNITY POINT METHODIST in PEORIA, ILLINOS:

You may appear in person. You may have an attorney appear with you or for you.

DATE: 8/7/2019
CLERK _____

**SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
### RETURN

CERTIFY THAT I SERVED THIS NOTICE ON _____ as

Follows:

(a) (Personal): by leaving a copy with him or her personally on _____ or

(b) (Abode): by leaving on _____, a copy of his or

her usual place of abode with , _____ a person of his or her family, of the age of 13 or

upwards and informing that person of the contents of the notice, and also by sending on _____ a

copy of the notice in a sealed envelope with postage fully addressed to him or her at his or her usual place of

abode; or

© (other service) _____, Sheriff of _____County
by _____ Deputy.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
(For use if service by someone other than the sheriff or his or her deputy)

_____, on oath, states that he or she served this notice on the above-named person

(s) by delivering a true copy thereof to each of them.

Signature: _____

Signed and sworn to before me

_____

_____

Notary Public

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
## PEORIA COUNTY

Filed
Robert M. Spears
August 7, 2019

Clerk of the Circuit Court☐Peoria County, Illinois

In the Matter of
Lynwellyn Gudger

Case No.: 19-MH-00162

### ORDER FOR HEARING

**Asserted to be a Person subject to INVOLUNTARY ADMISSION**

**This cause coming to be heard on PETITION FOR ADMISSION**

**A hearing on the matter is set on 8/13/2019 at 9:00 AM on the 6TH FLOOR of UNITY POINT METHODIST in PEORIA, ILLINOS:**

1. **Notice of time and place of hearing shall be sent by the Clerk of the Court to all required and appropriate persons:**

2. **The Guardianship and Advocacy Commission is appointed to represent Lynwellyn Gudger**

3. Unity Point Health Methodist is to turn over any medical records of Lynwellyn Gudger to Vincent Cail of the Guardianship and Advocacy Commission as the attorney of record.

ENTERED: 8/7/2019

*Mark E. Dilly*

**JUDGE OF THE TENTH JUDICIAL CIRCUIT**

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS**
**PEORIA COUNTY**

In the Matter of                                    Case No.: 19-MH-00162
Lynwellyn Gudger

**NOTICE FOR HEARING**

**Asserted to be a Person subject to INVOLUNTARY TREATMENT**

You are hereby notified that a court hearing concerning the above-named

Individual has been set for  **8/13/2019** at  **9:00 AM**  on the 6TH FLOOR of UNITY POINT METHODIST in PEORIA, ILLINOS:

You may appear in person. You may have an attorney appear with you or for you.

DATE:  8/9/2019
CLERK  _____

*****************************************************************************

**RETURN**

CERTIFY THAT I SERVED THIS NOTICE ON *Lynwellyn Gudger* as

Follows:

(a) (Personal): by leaving a copy with him or her personally on  *8/12/19*  or

(b) (Abode): by leaving on _____, a copy of his or

her usual place of abode with ,_____ a person of his or her family, of the age of 13 or

upwards and informing that person of the contents of the notice, and also by sending on _____ a

copy of the notice in a sealed envelope with postage fully addressed to him or her at his or her usual place of

abode; or

© (other service) _____, Sheriff of _____County

by _____ Deputy.

*****************************************************************************

(For use if service by someone other than; the sheriff or his or her deputy)

*Teumea M Stifer* on oath, states that he or she served this notice on the above-named person

(s) by delivering a true copy thereof to each of them.

Signature: _____

Signed and sworn to before me

_____
8/12/2019

Notary Public

OFFICIAL SEAL
JAMIE L HASSALL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/30/22

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

STATE OF ILLINOIS
      Petitioner )
        v. )    Case No. 19 MH 162
        )
LYNWELLYN GUDGER )
      Defendant

**FILED**
ROBERT M. SPEARS

NOTICE OF RIGHT OF APPEAL

AUG 2 0 2019

CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

     You are hereby notified that a final order has been entered by this Court pursuant to the Mental Health and Developmental Disabilities Code. A copy of that order will be provided to you.

     You are further notified that you may appeal said final order. Pursuant to Supreme Court Rules, your appeal is initiated by filing a written Notice of Appeal with the Clerk of Circuit Court within 30 days of today.

     If you have insufficient funds to appeal, you may be found indigent by this Court and have a right to a free transcript of the proceedings. If unable to obtain counsel, you may request to have counsel appointed to pursue your appeal.

Date: _____8/20/9_____            JUDGE _____

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
PEORIA COUNTY

In the Matter of
Lynwellyn Gudger

Case No.: 19-MH-00162

Filed
Robert M. Spears
August 9, 2019

Clerk of the Circuit Court☐Peoria

**ORDER FOR HEARING**

**Asserted to be a Person subject to INVOLUNTARY TREATMENT**

**This cause coming to be heard on PETITION FOR ADMINISTRATION OF PSYCHOTROPIC MEDICATIONS/ELECTRONCONVULSIVE THERAPY**

**A hearing on the matter is set on 8/13/2019 at 9:00 AM on the 6TH FLOOR of UNITY POINT METHODIST in PEORIA, ILLINOS:**

1. **Notice of time and place of hearing shall be sent by the Clerk of the Court to all required and appropriate persons:**

2. **The Guardianship and Advocacy Commission is appointed to represent Lynwellyn Gudger**

3. **Unity Point Health Methodist is to turn over any medical records of Lynwellyn Gudger to Vincent Cail of the Guardianship and Advocacy Commission as the attorney of record.**

ENTERED: 8/9/2019

**JUDGE OF THE TENTH JUDICIAL CIRCUIT**

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
PEORIA COUNTY

In the Matter of
Lynwellyn Gudger

Case No.: 19-MH-00162

### NOTICE FOR HEARING

**Asserted to be a Person subject to INVOLUNTARY ADMISSION**

You are hereby notified that a court hearing concerning the above-named

Individual has been set for **8/13/2019** at **9:00 AM** on the 6TH FLOOR of UNITY POINT METHODIST in PEORIA, ILLINOS:

You may appear in person. You may have an attorney appear with you or for you.

DATE: 8/7/2019
CLERK _____

**SEAL**

*************************************************************************************

### RETURN

CERTIFY THAT I SERVED THIS NOTICE ON *Lynwellyn Gudger* as

Follows:

(a) (Personal): by leaving a copy with him or her personally on __8/9/19__ or

(b) (Abode): by leaving on _____, a copy of his or

her usual place of abode with ,_____ a person of his or her family, of the age of 13 or

upwards and informing that person of the contents of the notice, and also by sending on _____ a

copy of the notice in a sealed envelope with postage fully addressed to him or her at his or her usual place of

abode; or

© (other service) _____, Sheriff of _____County
by _____Deputy.

*************************************************************************************

(For use if service by someone other than; the sheriff or his or her deputy)

*T aaveca M. Shaffa* , on oath, states that he or she served this notice on the above-named person

(s) by delivering a true copy thereof to each of them.

Signature _____

Signed and sworn to before me

_____
8/9/2019
Notary Public

OFFICIAL SEAL
JAMIE L HASSALL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/30/22

STATE OF ILLINOIS

IN THE ___TENTH___ JUDICIAL CIRCUIT

___Peoria___ COUNTY

☑ **IN THE MATTER OF:**                              )
                                                     )
Lynwellyn Gudger                                     )
_____                      )
        Respondent.                                  )
                                                     )
☐ **IN RE THE ESTATE OF:**                           )
                                                     )
                                                     )       Case No. _19 MH 162_
_____                      )
     A Disabled Adult.                               )
                                                     )                    **FILED**
☐ **THE PEOPLE OF THE STATE OF ILLINOIS**            )          **ROBERT M. SPEARS**
            vs.                                      )
                                                     )              AUG 2 0 2019
_____                      )
        Defendant.                                   )          CLERK OF THE CIRCUIT COURT
                                                                  PEORIA COUNTY, ILLINOIS

**ORDER TO NOTIFY THE ILLINOIS STATE POLICE OF AN ADJUDICATION
OF A PERSON AS A MENTALLY DISABLED PERSON**

This cause coming on for the entry of an order in compliance with 405 ILCS 5/6-103.1, 430 ILCS 65/8.1(b), 705 ILCS 405/5-601(8), 705 ILCS 405/5-605(3)(b), 725 ILCS 5/104-26(c)(3.5), and/or 755 ILCS 5/11a-24.

**THIS COURT FINDS:**

| Gudger | Lynwellyn | | 12/25/1981 | F | |
|--------|-----------|--------|------|--------|----------------|
| Last | First | Middle | DOB | Gender | Last 4 of S.S.# |

☐ has a mental disability and is sentenced to imprisonment following a trial conducted pursuant to 725 ILCS 5/104-22.

**OR**

☑ is adjudicated as a mentally disabled person as defined in 430 ILCS 65/1.1, in that, as a result of a marked subnormal intelligence, mental illness, mental impairment, incompetency, condition or disease, he or she:

    ☐ presents a clear and present danger to himself, herself or to others.
    ☐ lacks the mental capacity to manage his or her own affairs, or is adjudicated a disabled person as defined in 755 ILCS 5/11a-2.
    ☐ is not guilty in a criminal proceeding by reason of insanity, mental disease or defect.
    ☐ is guilty but mentally ill as provided in 730 ILCS 5/5-2-6.
    ☐ is incompetent to stand trial in a criminal proceeding.
    ☐ is a sexually violent person as defined in 725 ILCS 207/5(f).
    ☐ is a sexually dangerous person as defined in 725 ILCS 205/1.01.
    ☐ is unfit to stand trial under the Juvenile Court Act of 1987 as defined in 705 ILCS 405/5-601(8).
    ☐ is not guilty by reason of insanity under the Juvenile Court Act of 1987 as defined in 705 ILCS 405/5-605(3)(b)
    ☑ is subject to     ☑ inpatient involuntary admission pursuant to 405 ILCS 5/1-119, or
                    ☐ outpatient involuntary admission pursuant to 405 ILCS 5/1-119.1, or
                    ☐ judicial admission pursuant to 405 ILCS 5/4-500.
    ☐ is subject to the provisions of the Interstate Agreement on Sexually Dangerous Persons Act pursuant to 45 ILCS 20/1 or 45 ILCS 20/2.

**WHEREFORE, IT IS HEREBY ORDERED:**

The Clerk of the Circuit Court is directed to immediately notify the Department of State Police, Firearm Owner's Identification Department (FOID), of the entry of this Order in the form and manner required by them by forwarding a copy of this court Order to the Department of State Police no later than seven (7) days after the entry of this Order.

Dated this _20_ day of _August_ , 20_19_.          ENTER: _____
                                                                            JUDGE

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
PEORIA COUNTY

**FILED**
ROBERT M. SPEARS

AUG 27 2019

CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

In the Matter
vs.    of
Cynwellen Gus.

Plaintiff

Defendant

CASE NO.

19 MH 162

## ORDER

This matter comes to the court's attention
by way of Cynwellen G. pro-se. Cynwellen G
has requested an attorney from Guardianship and
Advocacy commission to represent her. Court
has ordered Vincent Cail to represent Ms. Cynn
in all post trial motions. Ms. Cynwellen G
injunction motion is withdrawn. and her
appeal on the involuntary commitment and
medication order to proceed. Peoria Clerk
office to prepare notice of appeal. Court
reporter to prepare transcript.

708
250
6952

Julie
Gulser

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
PEORIA COUNTY

In the
matter of
vs Cynwether
Gudser

Plaintiff )
)
)
)
) Case No. _19 MH 162_
)
Defendant.

**FILED**
ROBERT M. SPE

AUG 1 3 2019

CLERK OF THE CIRCUIT CO
PEORIA COUNTY, ILLINO

| JUDGE Purhm | COURT REPORTER | PLTF ATTY: Burlca | |
|---|---|---|---|
| | | CHECK IF PRESENT | |
| DATE: 8-13-19 COURTROOM | CLERK | ATTY: DEFT Col | |

# CONTINUANCE ORDER

This matter is continued on

☐ Plaintiff's
☐ Defendant's motion to
☐ Court's

① respondent

8-20-19

20 _____ at _____ 9 _____ a.m./p.m., in Courtroom _____ 6th Floor Methodist _____ and set for

☐ Trial
☐ Plea
☐ Motion

No objection from State
respondent's attorney needs more time to
investigate case

DATED: _8-13-19_

JUDGE OF THE TENTH JUDICIAL CIRCUIT

White - Clerk's Copy
Yellow - Plaintiff's Copy
Pink - Defendant's Copy
Goldenrod - Additional Copy

**STATE OF ILLINOIS**

(Rev. 4/3/17)

IN THE <u>TENTH</u> **JUDICIAL CIRCUIT**
<u>Peoria</u> **COUNTY**

**FILED**
ROBERT M. SPEAI~

AUG 2 0 2019

CLERK OF THE CIRCUIT COU~
PEORIA COUNTY, ILLINOIS

IN THE MATTER OF: )
)  DOCKET NUMBER: <u>19 MH 162</u>
<u>Lynwellyn Gudger</u> )
**Respondent**

## ORDER FOR INVOLUNTARY ADMISSION

THIS MATTER COMING TO BE HEARD ON THE PETITION OF <u>Michelle Glancy</u> (Petitioner)
FOR THE INVOLUNTARY ADMISSION OF <u>Lynwellyn Gudger</u> (Respondent), AND:

☑ The Petitioner who initiated this matter pursuant to 405 ILCS 5/3-701 is PRESENT in court
and has received written notice, or waived notice, of his/her rights under 405 ILCS 5/3-902 to
receive notice of the Facility Director's decision to discharge the Respondent.

☐ The Petitioner who initiated this matter pursuant to 405 ILCS 5/3-701 is NOT PRESENT in
court and the Clerk of the Court is directed to mail to the Petitioner notice of his/her rights
under 405 ILCS 5/3-902 to receive notice of the Facility Director's decision to discharge the
Respondent.

☑ The Respondent is PRESENT in court. — *Self Represented*

☐ The Respondent is NOT PRESENT in court and his/her presence is waived by counsel.

☑ Notice of this hearing has been provided to the Respondent's guardian and all relevant
persons pursuant to 405 ILCS 5/3-706.

---

AFTER A HEARING, THE COURT FINDS BY CLEAR AND CONVINCING EVIDENCE THAT: (check all
that apply)

☑ A. The Respondent is subject to involuntary admission on an inpatient basis because, in
accordance with Section 1-119 of the Mental Health and Developmental Disabilities Code,
[405 ILCS 5/1-119] (hereinafter "the Code") he or she is a person with a mental illness
who: (check all that apply)

☑ 1. Because of his or her mental illness is reasonably expected, unless treated on an
inpatient basis, to engage in conduct placing such person or another in physical harm or
in reasonable expectation of being physically harmed.

☐ 2. Because of his or her mental illness is unable to provide for his or her basic physical
needs so as to guard himself or herself from serious harm without the assistance of family
or others, unless treated on an inpatient basis.

☐ 3. (i) Refuses treatment or is not adhering adequately to prescribed treatment; (ii)
because of the nature of his or her mental illness, is unable to understand his or her need
for treatment; and (iii) if not treated on an inpatient basis, is reasonably expected, based
on his or her behavioral history, to suffer mental or emotional deterioration and is
reasonably expected, after such deterioration, to meet the criteria of paragraph (1) or (2)
above.

# PETITION FOR INVOLUNTARY/JUDICIAL ADMISSION

*Request up to 90 days Inpthe hospitalization;*
*Jenn M McFnie*
*08/05/19*

**STATE OF ILLINOIS**

CIRCUIT COURT FOR THE _10th_ JUDICIAL CIRCUIT

_Peoria_ COUNTY

IN THE MATTER OF

)
)
)
_Lynwellyn Gudger_ )
_____ )
(name of respondent) )
)

Docket No. _____

Who is asserted to be a person subject to _involuntary_ In-patient admission to a facility and for whom
(judicial/involuntary)

this petition is being initiated by reason of: (Select one or more, if applicable)

☑ Emergency inpatient admission by certificate; (405 ILCS 5/3-600). The Respondent is currently detained in a mental
health facility or hospital; name of facility where detained: _Peoria Memorial Hospital_

☐ Inpatient admission by court order; (405 ILCS 5/3-700).

☐ Voluntary admittee submitted written notice of desire to be discharged and two Certificates are attached to/submitted
with this petition; (405 ILCS 5/3-403).

☐ Voluntary admittee failed to reaffirm a desire to continue treatment and two Certificates are attached to/submitted
with this petition; (405 ILCS 5/3-404).

☐ Person continues to be subject to involuntary admission on an inpatient basis; (405 ILCS 5/3-813).

☐ Emergency admission of the developmentally disabled; (405 ILCS 5/4-400).

☐ Judicial admission of the developmentally disabled; (405 ILCS 5/4-500).

☐ Developmentally disabled person or an interested person on behalf of a person submitted written objection to
admission; (405 ILCS 5/4-306).

☐ Administrative person; (or person who executed application) failed to authorize continued residence; (405 ILCS 5/4-310).

☐ Person continues to meet standard for judicial admission; (405 ILCS 5/4-611).

GUDGER,LYNWELLYN
HAR: 349997416
CSN: 778168874
DOB: 12/25/1981 (37 yrs) F
MRN: 97233374
Adm Date:8/3/2019

Pvt? Yes

08.12.19

I assert that _Lynwellyn Gudger_ is: (check all that apply)

[✓] a person with mental illness who: because of his or her illness is reasonably expected, unless treated on an inpatient basis, to engage in conduct placing such person or another in physical harm or in reasonable expectation of being physically harmed;

[ ] a person with mental illness who: because of his or her illness is unable to provide for his or her basic physical needs so as to guard himself or herself from serious harm without the assistance of family or others, unless treated on an inpatient basis;

[✓] a person with mental illness who: refuses treatment or is not adhering adequately to prescribed treatment; because of the nature of his or her illness is unable to understand his or her need for treatment; and if not treated on an inpatient basis, is reasonably expected based on his or her behavioral history, to suffer mental or emotional deterioration and is reasonably expected, after such deterioration, to meet the criteria of either paragraph one or paragraph two above.

[ ] an individual who: is developmentally disabled and unless treated on an in-patient basis is reasonably expected to inflict serious physical harm upon himself or herself or others in the near future, and/or

[✓] in need of immediate hospitalization for the prevention of such harm.

I base the foregoing assertion on the following (State in detail the signs and symptoms of mental illness displayed by the Respondent. Include prior diagnosis, treatment and hospitalizations. Describe any threats, behavior or pattern of behavior which support your complaint. Include personal observations that lead to your belief the Respondent is subject to involuntary admission): If additional space needed please attach a separate page or pages.

Brought to ED by State police who were concerned about lack of self safety. After found walking down interstate 80 erratically. Per police she was demonstrating patriotic behavior by accusing them of harassing them and not giving any personal information see attached

Below is a list of all witnesses by whom the facts asserted may be proven (include addresses and phone numbers):

Michelle Gidway RN, Lindsay Hollingsworth RN, Courtney Hartman ED Teck
Dr Lenard Kaczorowski     530 Park Ave East     815-875-2811
                          Princeton IL 61356

Listed below are the names and addresses of the spouse, parent, guardian, or substitute decision maker, if any, and close relative or, if none, a friend of the respondent whom I have reason to believe may know or have any of the other names and addresses. If names and addresses are not listed below, I made a diligent inquiry to identify and locate these individuals and the following describes the specific steps taken by me in making this inquiry (additional pages may be attached as necessary):

Indigo Gruser
Daughter
Unknown Address     708-495-5613

O I do    [✓] I do not    have a legal interest in this matter.
O I do    [✓] I do not    have a financial interest in this matter.
O I am    [✓] I am not    involved in litigation with the respondent.
[ ] Although I have indicated that I have a legal or financial interest in this matter or that I am involved in litigation with the respondent, I believe it would not be practicable or possible for someone else to be the petitioner for the following reasons:

GUDGER,LYNWELLYN
HAR: 349997416
CSN: 778168874
DOB: 12/25/1981 (37 yrs) F
MRN: 97233374
Adm Date:8/3/2019

Pvt? Yes

No certif.   , was attached with this petition because no physician, qualified examiner or clinical psychologist was immediately available or it was impossible after diligent effort to obtain a certificate. However: I believe, as a result of my personal observation, that the respondent is subject to involuntary inpatient admission. A diligent effort was made to obtain a certificate; but no physician, qualified examiner or clinical psychologist could be found who has examined or could examine the respondent; and
a diligent effort has been made to convince the respondent to appear voluntarily for examination by a physician, qualified examiner or clinical psychologist, or I reasonably believe that effort would impose a risk of harm to the respondent or others.

☒ One Certificate of Examination is attached.

☐ Two Certificates of Examination are attached.

Did a peace officer detain respondent, take him/her into custody, and/or transport him/her to the mental health facility?

☐ No   ☒ Yes;   If yes, the peace officer MAY complete the petition or if the petition IS NOT COMPLETED by the peace officer transporting the person, the following information MUST be entered:

Transporting Officer's Name: _J. FAZ_   Badge Number: _4852_

Employer: _Illinois State Police_

The petitioner can request to be notified if the facility director approves the recipients's request for voluntary or informal admission prior to adjudication. The petitioner may also request to be notified of the recipient's discharge under section 3-902 (d) of the Mental Health and Developmental Disabilities Code. Failure to indicate a choice will be treated as a decision NOT to be notified.

☐ if the individual requests and is approved for voluntary or informal admission prior to adjudication, I wish to be notified using the contact information supplied below. (Hospital staff use form IL462-2203 for notification purposes).

☐ if the individual is committed or discharged by court, I wish to be notified using the contact information supplied below. (Hospital staff use form IL462-2208M for notification purposes).

☐ I do not wish to be notified in either of the two situations described above.

The petitioner has made a good faith attempt to determine whether the recipient has executed a power of attorney for health care under the Powers of Attorney for Health Care Law or a declaration for mental health treatment under the Mental Health Treatment Preference Declaration Act and to obtain copies of these instruments if they exist.
I have read and understood this petition and affirm that the statements made by me are true to the best of my knowledge.
I further understand that knowingly making a false statement on this Petition is a Class A Misdemeanor.

Date: _8/2/19_   Signed: _michelle Ganway_

Time: _1350_   Printed Name: _Michelle Ganway_

Address: _530 Park Ave East_

Relationship to Respondent: _Princeton IL 61356_

_RN_   Telephone Number: _815-875-2811_

GUDGER,LYNWELLYN
HAR: 349997416
CSN: 778168874
DOB: 12/25/1981 (37 yrs) F   Pvt? Yes
MRN: 97233374
Adm Date: 8/3/2019

Within 12 hours of admission to the facility under this status I gave the respondent a copy of this Petition (IL462-2005). I have explained the Rights of Admittee to the respondent and have provided him or her with a copy of it. I have also provided him or her with a copy of Rights of Individuals Receiving Mental Health and Developmental Services (IL462-2001) and explained those rights to him or her (405 ILCS 5/3-609).

Date/Time of Admission 8-3-19 0140

Signed: Sam Murn

To Mental Health Facility/Psychiatric Unit

Printed Name: Sam Greene

Title: RN

## RIGHTS OF ADMITTEE

1. If you have been brought to this facility on the basis of this petition alone, you will not be immediately admitted, but will be detained for examination. You must be examined by a qualified professional within 24 hours or be released.

2. When you are first examined by a physician, clinical psychologist, qualified examiner, or psychiatrist, you do not have to talk to the examiner. Anything you say may be related by the examiner in court on the issue of whether you are subject to involuntary or judicial admission.

3. At the time that you have been certified you will be admitted to the facility and a copy of the petition and certificate will be filed with the court. A copy of the petition shall also be given to you.

4A. If you are alleged to be subject to involuntary admission (mentally ill) you must also be examined within 24 hours excluding Saturdays, Sundays, and holidays by a psychiatrist (different from the first examiner) or be released. If you are alleged to be subject to involuntary admission the court will set the matter for a hearing.

4B. If you are alleged to be subject to judicial admission (developmentally disabled) the court will set a hearing upon receipt of the diagnostic evaluation which is required to be completed within 7 days.

5A. If you are alleged to be subject to involuntary admission (mentally ill) and if the facility director approves, you may be admitted to the facility as a voluntary admittee upon your request any time prior to the court hearing.

The court may require proof that voluntary admission is in your best interest and in the public interest.

5B. If you are alleged to be subject to judicial admission (developmentally disabled) and if the facility director approves, you may decide that you prefer to admit yourself to the facility rather than have the court decide whether you ought to be admitted. You may make the request for administrative admission at any time prior to the hearing. The court may require proof that administrative admission is in your best interest and the public interest.

6. You have the right to request a jury.

7. You have the right to request an examination by an independent physician, psychiatrist, clinical psychologist, or qualified examiner of your choice. If you are unable to obtain an examination, the court may appoint an examiner for you upon your request.

8. You have the right to be represented by an attorney. If you do not have funds or are unable to obtain an attorney, the court will appoint an attorney for you.

9. You have the right to be present at your court hearing.

10. As a general rule, you do not lose any of your legal rights, benefits, or privileges simply because you have been admitted to a mental health facility (see your copy of the "Rights of Individuals"). However, you should know that persons admitted to mental health facilities will be disqualified from obtaining Firearm Owner's Identification Cards, or may lose such cards obtained prior to admission.

11. Information about the health care services you receive at a mental health or developmental disabilities facility is protected by privacy regulations under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (P.O. 104-191) at 45 CFR 160 and 164. Your personally identifiable health information will only be used and/or released in accordance with HIPAA and the Illinois Mental Health and Development Disabilities Confidentiality Act (740 ILCS 110).

IL462-2005 (R-11-12) Petition for Involuntary/Judicial Admission
Printed by Authority of the State of Illinois -0- Copies

Page 4 of 5

GUDGER,LYNWELLYN
HAR: 349997416
CSN: 778168874
DOB: 12/25/1981 (37 yrs) F
MRN: 97233374

Pvt? Yes

A Guardianship and Advocacy Commission is a state agency consisting of three divisions: Legal Advocacy Services, Human Rights Authority and the Office of the State Guardian. The Commission is located at the following addresses:

**East Central Regional Office**
2125 S. First Street
Champaign, IL 61820
Phone: (217) 278-5577
Fax: (217) 278-5588

**Peoria Regional Office**
401 N. Main Street, Suite 620
Peoria, IL 61602
Phone: (309) 671-3030
Fax: (309) 671-3060

**Rockford Regional Office**
4302 N. Main Street, Suite 108
Rockford, IL 61103
Phone: (815) 987-7657
Fax: (815) 987-7227

**Egyptian Regional Office**
47 Cottage Drive
Anna, Illinois 62906-1669
Phone: (618) 833-4897
Fax: (618) 833-5219

**West Suburban Regional Office**
Madden Mental Health Center
1200 S. First Street, P.O. Box 7009
Hines, IL 60141
Phone: (708) 338-7500
Fax: (708) 338-7505

**Metro East Regional Office**
Holly Bldg., 4500 College
Suite 100
Alton, IL 62002
Phone: (618) 474-5503
Fax: (618) 474-5517

**North Suburban Regional Office**
9511 Harrison Avenue
Des Plaines, Illinois 60016
Phone: (847) 294-4264
Fax: (847) 294-4263

**Chicago Regional Office**
160 N. La Salle Street
Suite S500
Chicago, IL 60601
Phone: (312) 793-5900
Fax: (312) 793-4311

**Springfield Regional Office**
521 Stratton Building
401 S. Spring Street
Springfield, IL 62706
Phone: (217) 785-1540
Fax: (217) 524-0088

Equip for Equality, Inc. is an independent, not-for-profit organization that administers the federal protection and advocacy system to people with disabilities in Illinois. Equip for Equality, Inc., provides self-advocacy assistance, legal services, education, public policy advocacy, and abuse investigations. The offices are located at:

**Main/Chicago Office**
20 N. Michigan, Ste 300
Chicago, Illinois 60602
(800) 537-2632 or
(312) 341-0022
TTY: (800) 610-2779
Fax: (312) 341-0295

**Central Illinois**
1 West Old Capitol Plaza, Suite 816
Springfield, IL 62701O Box 276
(217) 544-0464
(800) 758-0464
TTY: (800) 610-2779
Fax: (217) 523-0720

**Northwestern Illinois**
1515 Fifth Avenue, Suite 420
Moline, IL 61265
(309) 786-6868
(800) 758-6869
TTY: (800) 610-2779
Fax: (309) 797-8710

**Southern Illinois**
300 E. Main Street, Suite 18
Carbondale, IL 62901
(618) 457-7930
(800) 758-0559
TTY: (800) 610-2779
Fax: (618) 457-7985

Website: www.equipforequality.org

I certify that I provided respondent with a copy of this form.

☒ English      ○ Spanish      ○ Other      Specify language: _____ on 8-3-19

Time: 0140

GUDGER,LYNWELLYN
HAR: 349997416
CSN: 778168874
DOB: 12/25/1981 (37 yrs) F
MRN: 97233374
Adm Date: 8/3/2019

Pvt? Yes

Signature: _Sam Green_

Title: R.N

Printed Name: _Sam Greene_

 **UnityPoint Health**

GO green

Sign up to receive statements electronically at
http://unitypoint.mypaymed.com

### MESSAGE FROM YOUR HEALTHCARE PROVIDER

nk you for choosing UnityPoint Health for your
lthcare needs.

Avadyne Health is an extension of the business office
for UnityPoint Health. Avadyne Health is not a collection
agency and your account is not in default.
Payment in full is expected upon receipt unless other
acceptable arrangements are made.
Please note: This balance may not reflect the entire
balance due from all accounts with UnityPoint Health.
Any payments received will be posted to the oldest date
of service.
An itemization of charges is available upon your request.

### FINANCIAL ASSISTANCE

nancial assistance may be available. For more information,
lease visit www.UnityPoint.org/FAP or call 844-849-1260.

### BILL PAY OPTIONS

If using your personal bank's online bill payment option,
please use **349997416-0004262546** as your account# -
guarantor#
**Chat:** http://unitypoint.mypaymed.com/chat
**Online:** http://unitypoint.mypaymed.com
**Email:** inquiry@avadynehealth.com
**Toll Free:** 844-849-1260
**Hours:** Mon - Thurs    8AM-7PM CT
      Fri          8AM-6PM CT
      Sat        9AM-1PM CT

Statement Date: 11/12/19

### SUMMARY OF ACCOUNTS

| Description | Charges | Charge Amount | Ins Pay/Adj | Other Adj | Patient Paid | Account Status | Amount D |
|---|---|---|---|---|---|---|---|
| | | | | | | | Service Date 08/ |
| Account# 349997416 | Room Charge-Semi | 59,450.00 | | | | | |
| Patient: Lynwellyn Gudger | Imaging Services | 722.00 | | | | | |
| Provider: Hospital - Inpatient | Laboratory | 640.22 | | | | | |
| Location: Methodist Medical Center Of | Pharmacy | 344.75 | | | | | |
| Illinois | | | | | | | |
| | Other Therapeutic Svcs | 23.00 | | | | | |
| | Total: | 61,179.97 | 0.00 | 0.00 | 0.00 | First Notice | 61,179.97 |

**AMOUNT DUE:**    $61,17

Page 1 of 1

PLEASE RETURN BOTTOM PORTION WITH PAYMENT

 **UnityPoint Health**
10604 Justin Dr. Des Moines, IA 50322
*For Return Mail Purpose Only*
*Please Do Not Remit To This Address*

Did you know you can manage your health and bills online?
Visit **www.MyUnityPoint.org** today to get started.



☐ MasterCard    ☐ DISCOVER    ☐ VISA    ☐ AMERICAN EXPRESS

CARD NUMBER        AMO

SIGNATURE        EXP

PRINT NAME

| Account Number | Amount Due | Due Date | En |
|---|---|---|---|
| 349997416-0004262546 | $61,179.97 | Upon Receipt | |

☐ Check here if your address or insurance has been changed. Please indicate changes on the back if

437 ▲ 0 0 3 6 3 3 B6
Lynwellyn Gudger
13904 S State St
Riverdale IL 60827-2018

UnityPoint Health
Payment Processing Center
PO Box 809284
Chicago, IL 60680-9284